IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MICHAEL MWAMBA,

        **Plaintiffs,**

    **v.**

AVIS BUDGET GROUP, INC., AVIS
BUDGET CAR RENTAL, LLC; and AB
CAR RENTAL SERVICES, INC.,

        **Defendants.**

Civil Action No. 1:26-cv-00599-PTG-WBP

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Virginia, Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc., by and through undersigned counsel, hereby submit their Memorandum of Points and Authorities in Support of their Motion to Partially Dismiss the Complaint of self-represented Plaintiff Michael Mwamba ("Plaintiff" or "Mr. Mwamba").  Specifically, Defendants move to dismiss Counts II, III, including III-A and III-B, IV, V, and VI of the Complaint for failure to state a claim for relief.

## I.    INTRODUCTION

In his Complaint, Mr. Mwamba asserts several wage-based claims that suffer from multiple pleading defects.  Mr. Mwamba's Complaint attempts to bring claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Count I), the Virginia Wage Payment Act ("VWPA"), Va. Code §§ 40.1-29, *et seq.* (Counts II and VI), the Virginia Whistleblower Protection Law ("VWPL"), Va. Code § 40.1-27.3 (Count V), and Virginia common

law for fraud (Counts III, III-A, III-B, and IV). ECF No. 1.  However, Mr. Mwamba's VWPA and VWPL claims are preempted under the Federal Enclave Doctrine, set forth in Article I, Section 8, Clause 17 of the U.S. Constitution, because the conduct alleged in the Complaint occurred at Washington Dulles International Airport, land owned and under the exclusive jurisdiction of the United States.  (Compl. ¶¶ 5, 8-9, 12-13).[1]  Accordingly, the VWPA and VWPL claims in Mr. Mwamba's Complaint fail to state a cause of action upon which relief can be granted.

Even if there were no federal preemption, Mr. Mwamba improperly attempts to bring a retaliation claim under Va. Code § 40.1-33.2. (Compl. ¶¶ 82-88).  Indeed, Va. Code § 40.1-33.2 does not provide Mr. Mwamba with a private right of action.  In addition to the lack of a private right of action, Mr. Mwamba does not allege any facts in his Complaint that he engaged in any protected activity covered by the statute. *See* Va. Code § 40.1-33.2(A).  As such, Count II of Mr. Mwamba's Complaint must be dismissed.

Further, Mr. Mwamba's Complaint attempts to transform a bona fide wage dispute into sweeping allegations of fraud.  As an initial matter, Mr. Mwamba's fraud claims fail to satisfy Rule 9(b)'s requirement that allegations of fraud be pled with particularity.  In addition, the Complaint fails to allege facts showing reasonable reliance by Mr. Mwamba.  Because Mr. Mwamba fails to plead his fraud claims with particularity or allege a plausible theory of reliance, his fraud claims must be dismissed.

Thus, for the reasons set forth more fully below, Defendants respectfully move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts II, III, III-A, III-B, IV, V, and VI of the Complaint, with prejudice.

---

[1] All citations to "Compl. ¶ __" in this Memorandum refer to paragraphs in Mr. Mwamba's Complaint (ECF No. 1).

## II.    STATEMENT OF FACTS[2]

In the Complaint, Mr. Mwamba alleges that he began working as a Rental Sales Agent for Defendant AB Car Rental Services, Inc.[3] on June 20, 2022, at Washington Dulles International Airport ("Dulles"). (Compl. ¶¶ 9, 12-13).  According to the Complaint, in or around July 2023, Mr. Mwamba was assigned to a "Preferred Services" booth under an "adjusted" commission-based compensation plan. (*Id.* at ¶ 13).  Mr. Mwamba contends that his compensation consisted of an hourly wage governed by a collective bargaining agreement and commissions tied to sales performance and customer service metrics. (*Id.* at ¶ 19).

Mr. Mwamba alleges that, beginning in August 2023, he identified discrepancies between the compensation he believed he earned and the amounts paid to him. (*Id.* at ¶ 23).  Plaintiff asserts that he raised these concerns and received assurances that they would be addressed. (*Id.* at ¶¶ 23-24).

Mr. Mwamba further alleges that, in 2025, he identified additional pay-related concerns, including disputes over overtime, sick leave, and commission processing in a written memorandum to management dated August 14, 2025. (*Id.* at ¶¶ 35-36).

Separate and apart from Mr. Mwamba's pay-related concerns, on September 18, 2025, Mr. Mwamba was suspended without pay pending an investigation into misconduct relating to rental transactions. (*Id.* at ¶¶ 43-46).  Mr. Mwamba acknowledges that the stated basis for the suspension

---

[2] For purposes of this motion only, the well-pleaded factual allegations of the Complaint are taken as true, and reasonable inferences are drawn in favor of the Plaintiff. *See, e.g., Wikimedia Found. v. NSA*, 857 F.3d 193, 208 (4th Cir. 2017). "'[H]owever, legal conclusions pleaded as factual allegations, unwarranted inferences, unreasonable conclusions, and naked assertions devoid of further factual enhancement' are not entitled to the presumption of truth.'" *Guillen v. Esper*, No. 1:19-cv-1206 (LMB/IDD), 2020 WL 3965007, at *8 (E.D. Va. July 13, 2020) (quoting *Wikimedia*, 857 F.3d at 208).

[3] Plaintiff was never employed by Defendant Avis Budget Group, Inc. or Defendant Avis Budget Car Rental, LLC.

involved concerns about "unauthorized rental transactions." (*Id.* at ¶ 46). Mr. Mwamba was provided an opportunity to provide a statement. (*Id.* at ¶¶ 44-45). Mr. Mwamba drafted the statement himself and signed it. (*Id.*).

On or about September 30, 2025, Mr. Mwamba pursued a grievance through his union concerning his suspension. (*Id.* at ¶ 48). After the conclusion of the grievance process, on November 12, 2025, Mr. Mwamba was terminated from employment with Defendant AB Car Rental Services, Inc. (*Id.* at ¶¶ 53-56). According to the Complaint, "dishonesty" was cited as the basis for termination. (*Id.* at ¶ 60).

Approximately three months after his termination of employment, Mr. Mwamba filed a claim for unpaid wages with the Virginia Department of Labor and Industry ("DOLI") on February 13, 2026. (*Id.* at ¶ 65).

## III.    ARGUMENT

### A.    Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires each complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *Birmingham v. PNC Bank, N.A. (In re Birmingham)*, 846 F.3d 88, 92 (4th Cir. 2017). Pursuant to Rule 12(b)(6), where a complaint "fail[s] to state a claim upon which relief can be granted," the claim must be dismissed. Fed. R. Civ. P. 12(b)(6). Consistent with this, courts routinely grant motions to dismiss for failure to state a claim when it appears that a plaintiff cannot prove any set of facts that entitle the plaintiff to the relief sought in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *America Online, Inc. v. GreatDeals.Net*, 49 F. Supp. 2d 851, 854 (E.D. Va. 1999). A motion to dismiss

pursuant to Rule 12 need not attack the sufficiency of all the claims in a complaint—rather, it may seek the dismissal of only some claims. *See, e.g.*, *Maass v. Lee*, 189 F.Supp.3d 581, 587-88 (E.D. Va. 2016) (acknowledging that Rule 12 motion may seek to dismiss the entire complaint or only portions of the complaint).

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts may consider matters judicially noticed, such as public and court records. *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *see also Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record. . . ."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (recognizing that content of court records is most frequent use of judicial notice). Moreover, courts may rely upon judicially noticed matters "without converting the proceeding into a motion for summary judgment." *Goldfarb v. Mayor*, 791 F.3d 500, 508 (4th Cir. 2015).

**B.     Counts II, V, and VI Must Be Dismissed Pursuant to the Federal Enclave Doctrine.**

Counts II, V, and VI of the Complaint, purported claims under the VWPA and VWPL, must be dismissed because they involve allegations that arose on federal property that is exempted from Virginia state law pursuant to the Federal Enclave Doctrine. "A federal enclave can be created by the federal government where it acquires land by purchase or condemnation with the consent of the state or commonwealth in which the land is located." *Paul v. United States*, 371 U.S. 245, 264 (1963). The Federal Enclave Doctrine provides that:

> Congress shall have power . . . to exercise Legislation in all Cases whatsoever over such District[s] . . . as may, by Cession of particular States . . . become the Seat of the government of the United States, and to exercise like authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings.

U.S. Const. Art. I, § 8, cl. 17.  In other words, if the United States acquires the land by consent of a state legislature, that land becomes a federal enclave and the United States (as opposed to the state) acquires exclusive jurisdiction over that territory.  *See Paul*, 371 U.S. at 267; *see also Federico v. Lincoln Military Hous.*, 901 F. Supp. 2d 654, 663 (E.D. Va. 2012).

It is well-established that state law which is in effect at the time of the cession, and which is not inconsistent with federal law, will continue to apply within the enclave, unless it is abrogated by Congress.  *James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 97-99 (1940) (holding that state statute regarding workplace safety remained effective after federal government acquired land to build a post office and worker was injured during the construction); *see also Pacific Coast Dairy v. Dept. of Agriculture* (1943) 318 U.S. 285, 294-96 ("[w]hen federal government acquired the tract, local law not inconsistent with federal policy remained in force until altered by national legislation").  However, new state laws enacted after the cession of jurisdiction will not apply within the federal enclave.  *See Johnson v. Lendlease (US) Pub. P'ships, LLC*, No. 7:21-CV-188-D, 2022 WL 2447091, at *13 (E.D.N.C. July 5, 2022) ("[E]ven though state law will not remain static outside the enclave, any changes made to the state law applicable within the enclave must be a matter of federal law.") (quoting *James Stewart & Co.*, 309 U.S. at 99-100)); *see also Meade Cmtys., LLC v. Jones*, Civil Action No. ELH-21-1976, 2022 WL 2869159, at *6-*7 (D. Md. July 21, 2022) (recognizing that state common law in existence before creation of federal enclave applies to that territory, but subsequent state common law does not); *Jaaat Tech. Servs., LLC v. Tetra Tech Tesoro, Inc.*, Civil Action No. 3:15-cv-235, 2017 WL 4003026, at *3 (E.D. Va. Sept. 11, 2017) ("Subsequent state common law also does not apply.").

### 1. Mr. Mwamba's Employment-Based Claims Arose at Dulles, a Federal Enclave.

Dulles is a federal enclave. *See Davoudlarian v. Dep't of Just., F.B.I.*, No. 93-1787, 1994 WL 423845, at \*1 (4th Cir. Aug. 15, 1994) (confirming that Dulles is located on a federal enclave in the Commonwealth of Virginia); *see also* **Exhibit 1**: Lease between the United States of America and the Metropolitan Washington Airports Authority ("MWAA"), March 2, 1987 (warrants that the United States of America is the owner of the parcels of land at Washington National Airport and Washington Dulles International Airport). The United States acquired the land on which the airport sits and designated it as "the Dulles International Airport" on July 15, 1959. *see* **Exhibit 2**: Exec. Order 10828, 24 Fed. Reg. 5735 (July 15, 1959) (designating the airport being constructed in the counties of Fairfax and Loudoun in the Commonwealth of Virginia pursuant to the September 7, 1950, Act of Congress as the Dulles International Airport). Mr. Mwamba pleads that his work, which exclusively forms the basis of his VWPA and VWPL claims, occurred at Dulles. Compl. ¶ 5 ("Venue is proper . . . because a substantial part of the events giving rise to my claims occurred at Dulles International Airport location in Sterling, Virginia"); ¶¶ 8-9 ("Avis Budget Car Rental, LLC . . . is the primary operator of the car rental business at Washington Dulles International Airport," and "AB Car Rental Services, Inc. . . . is the entity that employed me at the Dulles International Airport location"); ¶ 12 ("I started working for Avis[4] on June 20th, 2022, as a Rental Sales Agent at the Dulles International Airport location"); ¶ 13 ("In July 2023, Avis moved the Preferred Services Operations to a separate standalone building on the airport premises . . ."). Thus, Mr. Mwamba's VWPA and VWPL claims implicate the Federal Enclave Doctrine.

---

[4] As noted above, Plaintiff was never employed by Defendant Avis Budget Group, Inc. or Defendant Avis Budget Car Rental, LLC.

### 2.      Mr. Mwamba's VWPA and VWPL Claims Are Preempted and No Exception Applies.

As already explained, state laws which were enacted after territory was ceded to the federal government generally are preempted by the Federal Enclave Doctrine.  *See Johnson*, 2022 WL 2447091 at \*13; *see also Meade*, 2022 WL 2869159 at \*6.  The VWPL went into effect in July 2020, *see* Va. Code § 40.1-27.3 (2020).  The section of the VWPA prohibiting retaliation against employees who institute wage-related proceedings with the Virginia Department of Labor and Industry also went into effect in July 2020, *see* Va. Code § 40.1-33.2 (2020).  In addition, the section of the VWPA prohibiting withholding employee wages or salaries except in accordance with law or with employee authorization went into effect in July 1962, *see* Va. Code § 40.1-29(C) (1962).  Absent some exception to the Federal Enclave Doctrine, these state laws do not apply to Mr. Mwamba's work performed at Dulles because they were enacted after 1959.

There are narrow exceptions to the application of the Federal Enclave Doctrine.  First, federal enclaves are not shielded from state law if Congress provides "clear and unambiguous" authorization for such state regulation over its federal enclave. *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174 (1988).  Second, state law is not preempted if the state had, at the time of cession, expressly reserved the right to legislate over the matters at issue. *Sundaram v. Brookhaven Nat'l Labs.*, 424 F. Supp. 2d 545 (E.D.N.Y. 2006).  Finally, the third exception is that minor regulatory changes to state programs that existed at the time of cession are not preempted "provided the basic state law authorizing such control has been in effect" since the time of cession. *Paul*, 371 U.S. at 269.  None of these exceptions applies to Mr. Mwamba's VWPA and VWPL claims.

#### i.      *Congress Did Not Provide "Clear and Unambiguous" Authorization for State Regulation Over Dulles.*

In *Goodyear Atomic Corp.*, the Supreme Court recognized that "activities of federal installations are shielded by the Supremacy Clause from direct state regulation unless Congress

provides 'clear and unambiguous' authorization for such regulation."  486 U.S. at 180 (quoting *EPA v. State Water Res. Control Bd.*, 426 U.S. 200, 211 (1976)).  This exception does not apply to Dulles.  No specific Congressional act creates an exception for the VWPA and VWPL, and Congress has not allowed the broad application of state employment, tort, and contract law to federal enclaves.  *Benavidez v. Sandia Nat'l Lab'ys*, 212 F. Supp. 3d 1039, 1095–96 (D.N.M. 2016).  Therefore, there is no basis to conclude that Congress authorized the VWPA and VWPL to apply to the United States government's enclave at Dulles.

### ii.   Virginia Did Not Expressly Reserve the Right to Legislate Over Mr. Mwamba's Wage and Whistleblower Claims at the Time of Cession.

Another exception exists to preclude state law preemption where, at the time of cession of the territory, the state expressly reserved the right to legislate over the matters at issue.  *See Sundaram*, 424 F. Supp. 2d 545, 570-71 (E.D.N.Y. 2006).  Courts have examined what it would mean to "expressly reserve" the right to legislate over an issue and are reluctant to reduce the presumption of exclusive federal jurisdiction in a recognized enclave.  *See Hercules Powder Co. v. Ruben*, 188 Va. 694, 698, 51 S.E.2d 149, 151 (1949) ("The fact that the Commonwealth of Virginia retained in the deed concurrent jurisdiction with the United States to serve civil and criminal process in no way lessens the exclusive jurisdiction of the United States in the territory in question.").  In *Hercules Powder Co.*, for example, a cause of action for breach of an employment contract arose on a federal reservation, and the court explained that reservation of the "right to serve civil and criminal process . . . in no way affects the exclusive jurisdiction of the United States in the areas involved." *Id.* at 700.  In other words, any exception needs to be clearly stated, and no such exception exists with respect to Dulles that would permit Virginia to legislate over wage and whistleblower matters like those reflected in the VWPA and VWPL.

### iii. Mr. Mwamba's VWPA Claim Does Not Include Incremental Changes to an Existing Regulatory Scheme.

Finally, minor regulatory changes to state programs that existed at the time of cession are not preempted "provided the basic state law authorizing such control has been in effect" since the time of cession. *Paul*, 371 U.S. at 269. Though the VWPA was originally enacted in 1950, this exception does not apply to Count VI.

The VWPA, previously codified as Va. Code § 40-24(c) was amended, effective July 1, 1962, to add that [n]o employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee. . . ." Va. Code § 40-24(c) (1962).[5] This 1962 amendment to the VWPA represents more than an "incremental change[] to an existing regulatory scheme." *See Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1243 (10th Cir. 2012) (finding that changes in New Mexico employment law between 1954 and 2012, which included various shifts away from employment at will rules, are not "incremental changes to an existing regulatory scheme," but rather, "substantial new incursions into a field that was previously unregulated, or, if at all, regulated very lightly"); *see also Paul*, 371 U.S. at 269 (concluding that changes in milk price regulations applicable on a federal enclave might be permissible "provided the basic state law authorizing such control has been in effect since the time[] of [cession]"). Indeed, the 1962 amendment to the VWPA "represent[s] the wholesale adoption and application of a new body of substantive state employment . . . law where none previously existed." *Allison*, 689 F.3d at 1243 (relying on *Paul*).

In short, no exception applies to prevent the application of the Federal Enclave Doctrine

---

[5] For the Court's convenience, a copy of the version of Va. Code § 40-24(c) in effect from July 1, 1950, through June 30, 1962, as well as a copy of the statute revised effective July 1, 1962, is attached hereto as **Exhibit 3**. As discussed, Dulles became a federal enclave in 1959.

and Mr. Mwamba's VWPA and VWPL claims are barred.  As a result, Counts II, V, and VI should be dismissed.

### C.        Mr. Mwamba Fails to State a Claim Under Va. Code § 40.1-33.2

Va. Code § 40.1-33.2 does not provide a private right of action.  Rather, this Virginia Code section prescribes an administrative remedy whereby an employee who believes that his employer has engaged in discriminatory practices related to wages in violation of § 40.1-33.2 may "file a complaint with the Commissioner [of the Virginia Department of Labor and Industry], and the Commissioner, with the written and signed consent of an employee, may institute proceedings on behalf of an employee for appropriate remedies for such action . . . ." Va. Code § 40.1-33.2(B). This Court has granted a motion to dismiss in similar circumstances. *See, e.g.*, *Petersen v. DC Mech., LLC*, No. 1:22-cv-784 (LMB/JFA), 2022 WL 22695554, at \*4 (E.D. Va. Aug. 24, 2022) (holding a plaintiff cannot plausibly allege a claim for relief under Va. Code § 40.1-33.1 because there is no private right of action); *Orbit Corp. v. FedEx Ground Package Sys., Inc.*, Civil No. 2:14cv607, 2015 WL 4605767, at \*4 (E.D. Va. July 30, 2015) (holding that an employee's sole remedy under older version of Va. Code § 40.1-29 of the VWPA was to have the Commissioner pursue the employee's claim for unpaid wages).  "One of the basic principles of statutory construction is that where a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *See Sch. Bd. of Norfolk v. Giannoutsos*, 238 Va. 144, 147 (1989); *Pallone v. Marshall Legacy Inst.*, 97 F. Supp. 2d 742, 745 (E.D. Va. 2000).  Because Va. Code § 40.1-33.2 contains an administrative remedy and no statutory language permitting Mr. Mwamba to sue for alleged unlawful retaliation, Count II should be dismissed with prejudice.

Even if Mr. Mwamba did have a private right of action under Va. Code § 40.1-33.2 (which he does not), his VWPA retaliation claim would still fail.  Va. Code § 40.1-33.2(A) states that

"[a]n employer shall not discharge or in any manner discriminate against an employee because such employee has *filed any complaint or instituted or caused to be instituted any proceeding under Section 40.1-29, or has testified or is about to testify in any such proceeding*." (emphasis added).  Mr. Mwamba does not allege any facts that he "[filed any complaint or] instituted or caused to be instituted any proceeding under Section 40.1-29," nor does he allege that he "testified or [was] about to testify in any such proceeding" *prior to* his termination on November 12, 2025. *Hill v. Meharry Med. Coll.*, Civil Action No. 3:23CV415 (RCY), 2024 WL 23148, at *8 (E.D. Va. Jan. 2, 2024); *see also* Compl. ¶ 84 ("My subsequent NLRB charges and DOLI filing on February 13, 2026 . . . .").  As such, he has not stated a claim under Va. Code § 40.1-33.2, and therefore, Count II should be dismissed.

### D.      Mr. Mwamba Fails to State a Claim for Fraud.[6]

Mr. Mwamba's fraud claims (Counts III, III-A, III-B, and IV) also must be dismissed because they fail to satisfy Rule 9(b)'s requirement that allegations of actual fraud be pled with particularity. *See* Fed. R. Civ. P. 9(b).  "A plaintiff asserting a cause of action for actual fraud bears the burden of proving by clear and convincing evidence the following elements: '(1) a false

---

[6] It is unclear whether Plaintiff intended to plead a conversion claim in Count III-B of the Complaint. *See* Compl. at 17; *see also* ECF No. 8 at 2 ("My Complaint (Docket entry no. 1) pleads six counts: . . . Count III: Common-law fraud [commission diversion]").  To the extent the Court assumes Plaintiff has alleged a conversion claim, such a claim would fail because Plaintiff has alleged no facts showing that "he ha[d] a property interest in or was entitled to immediate possession of the converted item," *i.e.*, active rental agreements. *Worldcom, Inc. v. Boyne*, 68 F. App'x 447, 454 (4th Cir. 2003) (citing *Economopoulos v. Kolaitis*, 259 Va. 806, 814 (Va. 2001); *see also Universal C.I.T. Credit Corp. v. Kaplan,* 198 Va. 67, 75 (1956) (defining conversion as "the wrongful exercise of authority or act of dominion over another's goods depriving him of their possession or the right to their possession").  "Courts have dismissed conversion claims based on future commissions on several grounds." *Derthick v. Bassett-Walker, Inc.*, 904 F. Supp. 510 (W.D. Va. 1995); *Unlimited Screw Prods., Inc. v. Malm,* 781 F. Supp. 1121, 1131 (E.D. Va. 1991) (holding that future contracts cannot legally support a conversion claim); *Wood v. Hutchinson Coal Co.*, 176 F.2d 682, 684 (4th Cir. 1949) (finding that an at-will sales representative does not have any cognizable interest in commissions after the relationship has been terminated).

- 12 -

representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damages to the party misled."' *Richmond Metro. Auth. v. McDevvit St. Bovis, Inc.,* 507 S.E.2d 344, 346-67 (Va. 1998) (quoting, *Evaluation Rsch. Corp. v. Alequin,* 439 S.E.2d 387, 390 (Va. 1994)). Here, Mr. Mwamba relies on generalized, conclusory allegations that do not identify any specific false statements, the individuals who made them, or the circumstances under which they were made. Mr. Mwamba also improperly groups multiple Defendants together, rather than pleading each Defendant's role in the alleged fraud. Furthermore, Mr. Mwamba fails to allege a plausible theory of reasonable reliance. Accordingly, Mr. Mwamba's fraud claims must be dismissed.

### i.    *Counts III, III-A, III-B, and IV Are Not Pled with Particularity.*

Fraud must be pled with particularity. Fed. R. Civ. P. 9(b); *Iqbal,* 556 U.S. at 686. At a minimum, "the circumstances required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999) (quoting Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)). Courts have elaborated on this minimum requirement, explaining that a plaintiff "must allege the who, what, when, where, and how of the alleged fraud." *In re Cap. One 360 Sav. Acct. Int. Rate Litig.,* No. 1:24MD3111 (DJN), 2024 WL 4753821, at *22 (E.D. Va. Nov. 12, 2024) (quoting, *United States ex rel. Ahumada v. NISH,* 756 F.3d 268, 280 (4th Cir. 2014)). Mere allegations of "fraud by hindsight" will not satisfy the requirements. *Id.* (quoting, *Hillson Partners Ltd. P'ship v. Adage, Inc.,* 42 F.3d 204, 209 (4th Cir. 1994)).

To be sure, Rule 9(b) is designed "to provide the defendant with sufficient notice of the

- 13 -

basis for the plaintiff's claim, to protect the defendant against frivolous suits, *to eliminate fraud actions where all of the facts are learned only after discovery*, and to safeguard the defendant's reputation." *Harrison,* 176 F.3d at 783-84 (emphasis added).  In multi-defendant cases involving allegations of fraud, the plaintiff must make specific allegations against each of the defendants. *See Corder v. Antero Res. Corp.,* 57 F.4th 384, 403 (4th Cir. 2023) (affirming dismissal of fraud count in which the complaint referred generally to actions of the "defendants" collectively); *Watkins v. Fed. Home Loan Mortg. Corp.,* No. 3:25cv60-JAG, 2025 U.S. Dist. LEXIS 142247, at *7 (E.D. Va. July 24, 2025) (dismissing fraud claim finding that "[the plaintiff's] general allegations that these four defendants engaged in conduct giving rise to the purported cause of action without specifically alleging how each did so fails to meet the pleading standard at this stage."); *Goldstein v. Malcolm G. Fries & Assoc.,* 72 F. Supp. 2d 620, 627 (E.D. Va. 1999) ("[I]n multiple-defendant [fraud] cases, . . . circumstances must be stated for each defendant.  A plaintiff may not group all wrongdoers together in a single set of allegations.").  To that end, "where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Andrews v. Fitzgerald,* 823 F. Supp. 356, 373 (M.D.N.C. 1993) (citing *Di Vittorio v. Equidyne Extractive Industries, Inc.,* 822 F.2d 1242, 1247 (2nd Cir. 1987)).  Mr. Mwamba makes no such specific allegations.

Here, Mr. Mwamba fails to satisfy this heightened pleading standard.  Specifically, Mr. Mwamba fails to allege with any specificity (i) the time, place, and contents of the purported misrepresentations, (ii) the identity of the person who allegedly made those misrepresentations, (iii) why or how those purported misrepresentations are material, and (iv) why or how he allegedly relied on those purported misrepresentations.  As an initial matter, Mr. Mwamba's fraud allegations fail to identify any statement by any Defendant actually made that was false at the time

- 14 -

it was made, much less one that Mr. Mwamba reasonably relied upon to his detriment. See *Thompson v. Bacon*, 245 Va. 107, 111 (1993).  Indeed, while Plaintiff loosely references dates and communications, he never specifies the content of any allegedly fraudulent statement by any Defendant.  Instead, he offers his own broad interpretations of ordinary employment interactions and then treats those interpretations as if they were concrete misstatements of fact.

Mr. Mwamba's Complaint suffers from the additional defect that all the allegations of fraud within the Complaint are levied at "Defendants' employees" or "Defendants," collectively. *See, e.g.* Compl. ¶ 91 ("Wojcik *and* Roberts generated compensation documents that reflected $0.00 in customer service multiplier amounts for performance periods in which I demonstrably qualified for the multiplier . . . .") (emphasis added); *see also id.* at ¶ 93 ("The suppression was deliberate . . . [c]onsistently in *Defendants[']* favor . . . .") (emphasis added); ¶¶ 95-96 ("*Defendants' employees* . . . closed my active rental agreements and reopened them under their own names, diverting my revenue to their commission ledgers.") (emphasis added).  As courts in this District have repeatedly held, grouping defendants together is fatal to a fraud claim under Rule 9(b) because it obscures the required showing of the "who, what, when, where, why, and how" of the alleged misrepresentation. *Iron Workers Loc. 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 579 (E.D. Va. 2006); *Juntti v. Prudential-Bache Sec., Inc.*, 993 F.2d 228 (4th Cir. 1993) (unpublished).

### ii.    *Mr. Mwamba Fails to State a Claim for Fraud.*

Mr. Mwamba's Complaint also fails to allege any plausible theory of reliance.  *Wood v. Southside Physician Network, LLC,* 2019 WL 3416665, at *8 (E.D. Va. July 29, 2019) ("A plaintiff must also plead 'reasonable, detrimental reliance . . . with particularity.'"); *Walker v. Hill*, No. 21-1803, 2023 WL 129436, at *3 (4th Cir. Jan. 9, 2023) ("The touchstone of reasonableness

is a prudent investigation.") (quoting *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 629 (4th Cir. 1999)).  Mr. Mwamba claims that he relied on compensation statements (Compl. ¶ 92) and his September 18, 2025 written and signed statement (*id.* at ¶102).  Concerning the alleged fraudulent compensation statements, Mr. Mwamba cannot assert reasonable reliance.  Indeed, Mr. Mwamba alleges he was aware of and made Defendants aware of the alleged "fraud."  Compl. ¶¶ 24-28, 34-42; s*ee, e.g.*, *Harris v. Dunham*, 203 Va. 760, 767 (1962) ("[W]here a person makes 'his own investigation, whether complete or not, into the subject matter at hand' he may not say that he relied on the representations of another."); *Walker*, 2023 WL 129436, at *3 ("When the plaintiff has notice of facts which would lead an ordinarily prudent person to investigate, and a reasonable inquiry would have revealed the misrepresentation, the plaintiff who fails to so investigate can't claim to have reasonably relied on the misrepresentation."); *Elliott v. Great Point Partners, LLC*, Nos. 1:10cv1019 (JCC/JFA), 1:10cv1047 (JCC/JFA), 2011 WL 63657, at *5 (E.D. Va. Jan. 5, 2011) (stating reliance cannot be reasonable "where one relies upon an oral statement that is contrary to a written statement in his possession").

In addition, Count IV of the Complaint is devoid of any facts that Mr. Mwamba justifiably relied on any alleged false representation at all.  In fact, Mr. Mwamba alleges that he relied *on his own* written and signed statement. Compl. ¶ 102.  The cornerstone of a fraud claim is that the injured party was deceived *by another party's* misrepresentation. *See Bank of Montreal v. Signet Bank*, 193 F.3d 818, 827 (4th Cir. 1999).  As such, Mr. Mwamba cannot claim he was deceived or misled by a statement he made.[7]  Accordingly, Mr. Mwamba fails to allege any plausible theory of reliance.

These deficiencies are fatal to Mr. Mwamba's fraud claims, and therefore, Counts III, III-

---

[7] Indeed, Mr. Mwamba asserts that his statement was truthful, not false.  Compl. ¶ 102.

A, III-B, and IV should be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc. respectfully request that the Court issue an Order granting their Motion to Partially Dismiss, dismissing Counts II, III, III-A, III-B, IV, V, and VI with prejudice, and awarding Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc. such other relief as the Court deems just and proper.

Dated: June 1, 2026

Respectfully submitted,

*/s/ Katherine A. Goetzl*

Katherine A. Goetzl (VSB No. 41475)
kgoetzl@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, Suite 400
Washington, D.C.  20006
Telephone:    703.286.3145
Facsimile:    202.318.8949

Ashley D.N. Jones (VSB No. 94347)
adjones@littler.com
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA  22102
Telephone:    703.286.3104
Facsimile:    703.852.7169

*Attorneys for Defendants*
*Avis Budget Group, Inc., Avis Budget Car*
*Rental, LLC, and AB Car Rental Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2026, I electronically filed the foregoing with

the Clerk of Court using the Court's CM/ECF system, which will serve a copy of the foregoing

upon the following:

Michael Mwamba
13720 Atlantis Street, Apt. 558
Herndon, VA 20171
301-408-8410
michaelmwamba@me.com

*Plaintiff pro se*


/s/ Katherine A. Goetzl
Katherine A. Goetzl