**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MICHAEL MWAMBA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AVIS BUDGET GROUP, INC., AVIS BUDGET CAR RENTAL, LLC, and AB CAR RENTAL SERVICES, INC.,**<br><br>**Defendants.** | **Civil Action No. 1:26-cv-00599-PTG-WBP** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Pursuant to Rule 7(F)(1) of the Local Rules of the United States District Court for the Eastern District of Virginia, Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc., by and through undersigned counsel, hereby submit this Response in Opposition to the Motion for Leave to File a Sur-Reply filed by self-represented Plaintiff Michael Mwamba ("Plaintiff" or "Mr. Mwamba"). *See* Mot. for Leave (ECF No. 37).[1] As discussed below, Plaintiff's Motion should be denied because Defendants did not make new arguments or raise new facts in their Reply to Plaintiff's Opposition to Defendants' Motion to Partially Dismiss Plaintiff's First Amended Complaint.

[1] All citations in this brief to "Mot. for Leave at __" refer to Plaintiff's Motion for Leave to File a Sur-Reply ("Motion for Leave") (ECF No. 37). All citations in this brief to "Sur-Reply at __" refer to Plaintiff's Sur-Reply in Further Opposition to Defendants' Motion to Partially Dismiss the First Amended Complaint (ECF No. 37-1). All citations in this brief to "Opp'n at __" refer to Plaintiff's Opposition to Defendants' Motion to Partially Dismiss Plaintiff's First Amended Complaint (ECF No. 35). All citations in this brief to "Defs.' Mem. at __" refer to Defendants' Memorandum of Points and Authorities in Support of their Motion to Partially Dismiss Plaintiff's First Amended Complaint (ECF No. 32).

## I. INTRODUCTION

On July 8, 2026, Defendants filed their Motion to Partially Dismiss Plaintiff's First Amended Complaint ("Motion to Partially Dismiss"). ECF Nos. 31 and 32. Defendants made the following arguments in their Motion to Partially Dismiss:

1. Plaintiff failed to state a claim for actual fraud under Virginia common law because the First Amended Complaint ("FAC") fails to satisfy Federal Rule of Civil Procedure 9(b)'s requirement that allegations of fraud be pled with particularity. In addition, the FAC fails to allege facts showing reasonable reliance by Plaintiff. Defs.' Mem. at 2, 6-9.

2. Plaintiff failed to state a claim for quantum meruit and unjust enrichment because the FAC alleges the existence of an express contract. Defs.' Mem. at 2, 9-11.

3. Plaintiff failed to state a claim for defamation *per se* under Virginia common law because the FAC pleads that the alleged statements made to a customer were substantially true. Defs.' Mem. at 2, 11-12. Moreover, the alleged statements made to union representatives were intra-corporate communications subject to qualified privilege and the FAC fails to overcome that privilege. Defs.' Mem. at 3, 12-15.

4. Plaintiff's Virginia Wage Payment Act ("VWPA") claim is preempted under the Federal Enclave Doctrine because Plaintiff worked at Washington Dulles International Airport, land owned and under the exclusive jurisdiction of the United States. Defs.' Mem. at 3, 15-20.

Plaintiff served his Opposition to Defendants' Motion to Partially Dismiss ("Opposition") on July 10, 2026 (ECF No. 35), and Defendants filed their Reply in Further Support of their Motion to Partially Dismiss ("Reply") on July 16, 2026 (ECF No. 36). On July 24, 2026, Plaintiff filed the pending Motion for Leave to File a Sur-Reply ("Sur-Reply") (ECF No. 37).

## II. ARGUMENT

### A. Legal Standard

"Unless otherwise ordered by the Court, the Local Rules [of the United States District Court for the Eastern District of Virginia] prohibit a party from filing a sur-reply without first obtaining leave of Court." *Hooker v. Sirius XM Radio, Inc.*, Case No.: 4:13-cv-3, 2013 WL 12149171, at *1 (E.D. Va. May 8, 2013) (citing Local Civil Rule 7(F)(1) ("No further briefs . . . may be filed without first obtaining leave of Court.")). "'The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.'" *Id.* (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001) (citations omitted)). "Sur-replies . . . are highly disfavored, as they are usually a strategic effort by the nonmoving party to have the last word on the matter." *Lismont v. Alexander Binzel Corp.*, No. 2:12-CV-592, 2014 WL 12527239, at *3 (E.D. Va. May 23, 2014) (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)). "Whether this standard has been satisfied is within the sound discretion of the Court." *Hooker*, 2013 WL 12149171, at *1 (citing *Lamont v. Proskauer Rose, LLP*, 881 F. Supp. 2d 105, 111 n.5 (D. D.C. 2012) (citations omitted)). "A district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce evidence." *Lismont*, 2014 WL 12527239, at *3.

### B. Defendants' Reply Responded to Plaintiff's Opposition and Did Not Raise Any New Arguments.

Plaintiff seeks the Court's leave to file a sur-reply, arguing that Defendants raised new facts and made new arguments in its Reply. *See generally* Sur-Reply. This is demonstrably untrue. Plaintiff has not identified any new argument, new legal theory, or new evidence introduced in Defendants' Reply. Instead, Plaintiff disagrees with Defendants' arguments seeking partial

dismissal of the FAC and their response to Plaintiff's Opposition. *See generally id.* That disagreement is not a basis for permitting an additional round of briefing. *See Dillard v. Kolongo*, 1:16cv1060 (TSE/JFA), 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017) ("Generally, courts allow a party to file a sur-reply ***only when*** fairness dictates based on new arguments raised in the previous reply.") (emphasis added).

From the outset, Defendants argued that the FAC fails to plead facts sufficient to state the challenged claims in Counts III, IV, V, and VI.[2] *See generally* Defs.' Mot. to Partially Dismiss. Plaintiff responded by repeating the same meritless allegations in the FAC. *See generally* Opp'n. Defendants' Reply simply pointed out that defect and explained why Plaintiff's Opposition could not cure deficiencies in his pleading. That is not a new argument. It is a direct response to arguments Plaintiff chose to advance in his Opposition and is precisely the purpose of a reply brief. "It is well-established that when '"the arguments made by [a party] in their reply brief are merely responses to new arguments made by [a party] in their response," a sur-reply is not appropriate.'" *Gibbs v. Plain Green, LLC*, 2017 WL 7693141, at *3 (E.D. Va. Oct. 31, 2017) (quoting *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013) (quoting *Aguilar v. LR Coin Laudromat*, No. CIV.A.RDB-11-02352, 2012 WL 1569552, at *2-3 (D. Md. May 2, 2012), *aff'd in part sub nom*, *EEOC v. Freeman*, 778 F.3d 463 (4th Cir. 2015))). Nor does Defendants' citing of additional legal authorities in their Reply to develop their existing arguments or to respond to Plaintiff's arguments in his Opposition warrant the filing of a sur-reply. *See Interphase Garment Sols., LLC v. Fox Television Stations, Inc.*, 566 F. Supp. 2d 460, 467 (D. Md. 2008) (holding that a sur-reply should not be allowed where a party "seeks merely to re-open briefing on the issues raised in [a] motion

[2] Indeed, Defendants made many of these same arguments in their Motion to Partially Dismiss Plaintiff's Complaint filed on June 1, 2026. *See* ECF No. 21.

to dismiss and challenge [the movant's] explanations of cited case law"); *U.S. ex rel. Carter v. Halliburton Co.*, No. 1:08cv1162 (JCC), 2009 WL 2240331, at *16-17 (E.D. Va. July 23, 2009) (relying on *Interphase Garment Solutions, LLC*, holding that a sur-reply is unwarranted when a reply brief merely expands on arguments already raised or responds to arguments in opposition).

In addition, Plaintiff asserts that the Court should grant him leave to file a sur-reply because Defendants purportedly "used an altered quotation" to challenge his fraud claim in Count III. *See* Sur-Reply at 3. That assertion is incorrect. Defendants did not intentionally alter any quoted language.[3] In any event, Plaintiff's accusation does not establish that Defendants' Reply raised any new argument, evidence, or issue warranting a sur-reply. *See, e.g.*, *Gibbs*, 2017 WL 7693141, at *2 ("Plaintiff's accusation that Plain Green made a false statement does not amount to a 'new argument' that Plaintiff's included for the first time in their Reply."); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (denying plaintiff's motion for leave to file a sur-reply "to correct what [the plaintiff] perceive[d] to be Defendant's misrepresentations" of the law and the record because it did not address a new argument), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

The Sur-Reply would not provide Plaintiff with his first chance to address the issues raised in Defendants' Reply. Rather, the Sur-Reply is just Plaintiff's attempt to reargue issues already fully briefed. "[W]here a party seeks merely to re-open briefing on issues previously raised, a sur-reply should not be allowed." *Gibbs*, 2017 WL 7693141, at *1 (quoting *Kolongo*, 2017 WL 2312988, at *6). Accordingly, Plaintiff's Motion for Leave to File a Sur-Reply should be denied.

---

[3] Plaintiff's contention that Defendants "used an altered quotation" is undermined by Defendants' citation to Plaintiff's own Opposition, which identifies the relevant date as March 19, 2024. *See* Defs.' Reply at 4. Defendants would not have cited the source of the quotation had they been attempting to misrepresent it.

## III. CONCLUSION

For the foregoing reasons, Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc. respectfully request that the Court deny Plaintiff's Motion for Leave to File a Sur-Reply, and award Defendants such other relief as the Court deems just and proper.

Dated: July 31, 2026

Respectfully submitted,

*/s/ Katherine A. Goetzl*

Katherine A. Goetzl (VSB No. 41475)
kgoetzl@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, Suite 400
Washington, D.C. 20006
Telephone: 703.286.3145
Facsimile: 202.318.8949

Ashley D.N. Jones (VSB No. 94347)
adjones@littler.com
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone: 703.286.3104
Facsimile: 703.852.7169

*Attorneys for Defendants*
*Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 31st day of July 2026, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will serve a copy of the foregoing upon the following:

Michael Mwamba
13720 Atlantis Street, Apt. 558
Herndon, VA 20171
301-408-8410
michaelmwamba@me.com

*Plaintiff pro se*

*/s/ Katherine A. Goetzl*
Katherine A. Goetzl