**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

FILED
09/04/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

| | |
|---|---|
| **MICHAEL MWAMBA,**<br>Plaintiff,<br><br>v.<br><br>**AVIS BUDGET GROUP, INC.,**<br>**AVIS BUDGET CAR RENTAL, LLC,**<br>and<br>**AB CAR RENTAL SERVICES, INC.,**<br>Defendants. | Case No: **1:26-cv-00599-PTG-WBP** |

# MOTION FOR INITIAL PRETRIAL CONFERENCE AND CASE MANAGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 16

I, Michael Mwamba, move for an initial pretrial conference and case-management order under Federal Rule of Civil Procedure 16 and Local Civil Rule 16(B).

I am a pro se plaintiff suing three related corporations: Avis Budget Group, Inc. (ABG, Inc.), Avis Budget Car Rental, LLC (ABC, LLC), and AB Car Rental Services, Inc. (ABCR). I refer to them together as Avis or the other side. Avis is represented by a single national law firm, Littler Mendelson. I do not have comparable litigation resources. For that reason, the purposes of Rule 16 have direct practical importance in this case: to expedite disposition, establish early and continuing control, discourage wasteful pretrial activity, improve preparation, and facilitate settlement. Fed. R. Civ. P. 16(a).

The case is ready for that management. Avis first appeared through counsel on May 13, 2026. Rule 16(b)(2) calls for a scheduling order as soon as practicable and absent good cause for delay, within the earlier of 90 days after any defendant has been served or 60 days after any defendant has appeared. Avis was served on April 27 and

28, 2026, and appeared on May 13, 2026, so the ordinary period reached July 13, 2026. No scheduling order has issued, no discovery stay has issued, and the docket does not reflect a finding of good cause delaying the scheduling process.

The pending motion to partially dismiss does not dispose of the entire case. Avis did not move to dismiss my FLSA retaliation and overtime counts. Those two claims remain against all three Avis entities regardless of how the Court resolves the partial motion.

This Court's own Rule 16 practice shows that case management does not have to wait for every other dispute in the case to end. In Virginia Coalition for Immigrant Rights v. Beals, Magistrate Judge Porter directed that "discovery must proceed as to all parties and all claims that have not been stayed as a matter of law," even while an interlocutory appeal was pending. Case No. 1:24-cv-01778-PTG-WBP, ECF No. 184 at 1–2 (E.D. Va. Oct. 29, 2025). In Drake v. Trace Systems, Inc., Magistrate Judge Porter likewise declined to "hold Rule 26 obligations in abeyance" after discovery had commenced. Case No. 1:25-cv-00984-LMB-WBP, ECF No. 33 (E.D. Va. Nov. 20, 2025).

I am asking for the same practical approach here: allow the ordinary Rule 16 and Rule 26 process to move forward on claims and issues that are not stayed while the Court separately resolves the pending partial motion.

There is also one issue that should be defined before discovery begins in earnest. The other side has stated seven times across four signed filings that I was "never employed by Defendant Avis Budget Group, Inc. or Defendant Avis Budget Car Rental, LLC." My First Amended Complaint already identifies ABCR as my employer of record and alleges that the three Avis entities shared or codetermined employment functions relevant to my FLSA claims. ECF No. 29 ¶¶ 22–31, 38. What exactly the other side meant by those repeated statements remains unclear, and that ambiguity is interfering with my preparations for discovery.

## I. Rule 16 Case Management Will Reduce Unnecessary Cost and Prevent Avoidable Discovery Disputes.

Rule 16 permits the Court to formulate and simplify issues, obtain admissions and stipulations about facts and documents, control discovery, establish deadlines, and facilitate settlement. Fed. R. Civ. P. 16(a), (c)(2)(A), (C), (F).

Local Civil Rule 16(B) likewise provides for an initial pretrial conference and scheduling order. Local Civil Rule 26(A) permits the magistrate judge to conduct the scheduling and planning conference and issue the scheduling order.

That process is particularly useful here because I am pro se. I should not have to spend limited time and money serving overlapping discovery on three corporate entities merely to determine which company the other side will later claim controlled a manager, system, document, or employment function. The other side should not have to conduct duplicative searches either.

The efficient approach is to identify those corporate lines before discovery becomes expensive, while I continue taking reasonable steps to mitigate my damages and tabulate the harm that continues during the pendency of this case.

## II. Avis Should Define Exactly What The "Never Employed" Statement Means.

Avis has stated seven times that I was "never employed" by Avis Budget Group, Inc. or Avis Budget Car Rental, LLC:

| Filing | Location | Repetitions |
|---|---|---|
| ECF No. 22 | Page 3, Footnote 3; Page 7, Footnote 4 | 2 |
| ECF No. 31 | Page 2, Footnote 1 | 1 |
| ECF No. 32 | Page 3, Footnote 3; Page 17, Footnote 4 | 2 |
| ECF No. 36 | Page 3, Footnote 2; Page 14, Footnote 5 | 2 |
| Total | | 7 |

I have already answered that assertion the way a pleading answers it. My First Amended Complaint does not allege that all three Avis entities performed the same function. I allege that AB Car Rental Services, Inc. was my employer of record and issued my pay, while the three Avis entities shared or codetermined the employment functions relevant to my FLSA claims. ECF No. 29 ¶¶ 22–31, 38.

**The work identification below issued to me by Avis answers the same assertion in ordinary terms:**







The Avis Budget Group logo appears at the top of the ID card. It labels my "agent id" number, 28621, as my "ABG EMPLOYEE ID." It records an employment date of June 20, 2022, and the internal location code denoting Dulles Airport. Accordingly, the name tag issued with it identifies me to customers as an Avis and Budget Rental Sales Associate. Avis issued both, gave both to me, and had me carry them throughout my employment. So, the pleading question is answered, and the everyday question is answered. Nothing about employer identity is unresolved on my side of this case.

Nevertheless, the other side has repeatedly stated that I was "never employed" by Avis Budget Group, Inc. or Avis Budget Car Rental, LLC. What remains unanswered is what exactly the other side meant by those repeated statements. Under governing law, the Fourth Circuit held in Salinas v. Commercial Interiors, Inc., 848 F.3d 125, 139–43 (4th Cir. 2017), that which entity issued payroll does not by itself resolve whether related entities were joint employers. The inquiry looks at how the putative employers related to one another with respect to the worker and the employment functions at issue. A statement that means only "we did not run payroll" leaves that

inquiry wide open. A statement that denies joint employment outright squarely contests that issue and defines what I have to prove.

The issue for case management is not whether I understand how Avis structured itself internally. The issue here is what the other side means when they tells the Court seven times that I was "never employed" by two of the three Avis companies in this case. I need that position defined before I spend my limited resources directing discovery across three related corporations.

Therefore, for case-management purposes, I ask the Court to direct Avis to state precisely what it meant by its repeated assertions that I was "never employed" by Avis Budget Group, Inc or Avis Budget Car Rental, LLC, including the factual and legal scope of those assertions.

I am not asking the Court to decide which position is correct at this stage. I am asking the other side to identify the position they choose to assert seven times.

## III. The Rule 16 Process Can Separate Facts That Require Discovery from Facts That Can Simply Be Stipulated.

Once Avis defines its position, the Rule 16 and Rule 26 process can identify which foundational facts are actually disputed. I propose that the other side and I identify in writing whether we can stipulate to basic facts concerning:

1. which Avis entity issued my payroll and W-2 and appeared in payroll records as my employer of record;
2. which entity or entities employed, paid, assigned, or supervised the managers who administered my compensation, discipline, suspension, and termination;
3. which entity operated the Avis rental-car concession at Washington Dulles International Airport during my employment;
4. which entity or entities owned, licensed, administered, maintained, or controlled Workday/HR4U, Wizard, CSI, Medallia, payroll, timekeeping, scheduling, compensation, personnel, and disciplinary systems relevant to my claims;

5. which entity or entities set, approved, administered, or transmitted the compensation programs and incentive structures at issue;
6. which entity or entities had authority to suspend, terminate, reinstate, discipline, or approve discipline concerning me;
7. which entity or entities administered or exercised management authority under the collective bargaining agreement applicable at Dulles.

I am not asking for merits findings on those subjects at the scheduling conference. Rule 16(c)(2)(C) expressly permits the Court to obtain admissions and stipulations about facts and documents. Anything we can stipulate to disappears from the discovery burden. Anything we cannot stipulate to becomes a defined discovery issue.

That is much cheaper and cleaner than waiting until document requests, objections, and depositions reveal that the other side and I were using the same corporate words to mean different things.

## IV. If The Other Side Denies Joint Employment, Employer-Identity Discovery Should Occur Early Without Stopping the Rest of Discovery.

If Avis states that Avis Budget Group, Inc. and Avis Budget Car Rental, LLC were not employers or joint employers in any legally relevant sense, I ask the Court to identify employer identity and the allocation of employment functions as an early discovery subject. I am not asking the Court to stay other discovery while that occurs.

The same records overlap both issues. Payroll, timekeeping, compensation, Wizard, Medallia, CSI, personnel, discipline, suspension, and termination records will bear on the merits and on which corporate entities controlled the relevant employment functions. Early identification of the entities, custodians, systems, and Rule 30(b)(6) subjects will allow discovery to go to the correct corporate source the first time. Without that structure, the predictable dispute is simple. The other side can say a request went to the wrong corporate entity. I can respond that the entities shared

control over the information or employment function. We then spend time fighting about corporate routing before reaching the substance of the request. Rule 16 gives the Court a way to prevent that waste before it begins.

## V. Defined Case Management May Also Make Settlement Discussions Meaningful.

Rule 16(a)(5) expressly identifies facilitating settlement as a purpose of pretrial management. At the behest of the other side, I engaged in brief settlement discussions. Those discussions were largely performative and did not produce any meaningful movement toward resolution.

I am not asking the Court to evaluate any offer, require a particular settlement position, or decide who is responsible for the lack of movement. I mention settlement because the corporate identity issue affects who may be responsible for wages, retaliation, employment records, and employment decisions, and therefore affects who must participate meaningfully in any future settlement process.

A defined discovery schedule and a clear statement of the Avis employer-identity position will give any later settlement discussion a factual foundation that the earlier discussions did not have.

## VI. REQUESTED RELIEF

For those reasons, I respectfully ask the Court to:

A. Set an initial pretrial, scheduling, and case-management conference under Rule 16 and Local Civil Rule 16(B);

B. Direct the other side and me to submit written discovery plans identifying proposed deadlines, Electronically Stored Information and preservation issues, privilege procedures, foundational facts that can be admitted or stipulated, and any disagreements requiring the Court's attention. If the

Court requires a Rule 26(f) conference outside its presence, direct that the principal proposals, agreements, and disagreements be reduced to writing;

C. Direct Avis to state precisely what it means by its repeated "never employed" assertions concerning Avis Budget Group, Inc. and Avis Budget Car Rental, LLC, and identify the factual and legal basis for those assertions;

D. Address any remaining case-management disagreements and enter a scheduling order permitting discovery to proceed without unnecessary duplication or delay. If Avis denies joint-employer status, identify employer identity and the allocation of employment functions as an early discovery subject, including the relevant entities, custodians, information systems, and Rule 30(b)(6) subjects, without staying other discovery;

E. Refer the case for a judicial settlement conference or other appropriate ADR process, without delaying scheduling or discovery, and grant any other case-management relief the Court finds appropriate.

Given the pattern of unsupported representations, the other side have demonstrated throughout this case, it is only appropriate for the Court to direct them to define the position they repeated before the Court seven times so I can direct my limited resources toward facts that are genuinely disputed.

Respectfully submitted,

**Michael Mwamba**
*Plaintiff, pro se*

9600 Marathon Ter, Apt 102
N. Potomac, MD 20878
301-408-8410
michaelmwamba@me.com

**September 4, 2026.**

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2026, I filed this motion through the Court's Electronic Document Submission System (EDSS) and served a copy on counsel for Avis, Katherine A. Goetzl and Ashley D.N. Jones of Littler Mendelson, by electronic mail at kgoetzl@littler.com and adjones@littler.com.

**Michael Mwamba**
*Plaintiff, pro se*

# LOCAL RULE 83.1(N) CERTIFICATION

I declare under penalty of perjury that no attorney has prepared or assisted in the preparation of:

**MOTION FOR INITIAL PRETRIAL CONFERENCE AND CASE MANAGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 16**

*(Title of Document)*

**MICHAEL MWAMBA**

*Name of Pro Se Party*

[signature]

Signature of Pro Se Party

Executed on: September 4, 2026.