**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MICHAEL MWAMBA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AVIS BUDGET GROUP, INC., AVIS BUDGET CAR RENTAL, LLC, and AB CAR RENTAL SERVICES, INC.,**<br><br>**Defendants.** | **Civil Action No. 1:26-cv-00599-PTG-WBP** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INITIAL PRETRIAL CONFERENCE AND CASE MANAGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 16**

Pursuant to Rule 7(F)(1) of the Local Rules of the United States District Court for the Eastern District of Virginia, Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc., by and through undersigned counsel, hereby submit this Response in Opposition to the Motion for Initial Pretrial Conference and Case Management Under Federal Rule of Civil Procedure 16 ("Motion") filed by self-represented Plaintiff Michael Mwamba ("Plaintiff" or "Mr. Mwamba"). *See* Mot. for Initial Pretrial Conference (ECF No. 43).[1]

Plaintiff's Motion is premised on the mistaken assumption that the parties require immediate judicial intervention regarding employer identity, alleged joint-employer status, and the allocation of employment functions among Defendants. No such issue is presently before the

[1] All citations in this brief to "Mot. for Initial Pretrial Conference at __" refer to Plaintiff's Motion for Initial Pretrial Conference and Case Management Under Federal Rule of Civil Procedure 16 ("Motion") (ECF No. 43). All citations in this brief to "Defs.' Mem. at __" refer to Defendants' Memorandum of Points and Authorities in Support of their Motion to Partially Dismiss Plaintiff's First Amended Complaint (ECF No. 32).

Court.

Defendants' pending Motion to Partially Dismiss seeks dismissal of Counts III, IV, V, and VI of the First Amended Complaint for failure to state a claim. *See* ECF Nos. 31, 32. It does not seek dismissal of any Defendant from this action, nor does it ask the Court to determine whether any Defendant was Plaintiff's employer. Indeed, Counts I and II remain pending against all three Defendants regardless of the Court's ruling on the Motion to Partially Dismiss.

Because Plaintiff seeks substantive case-management rulings concerning issues not presented by any pending motion, and because the Court's resolution of Defendants' Motion to Partially Dismiss may substantially narrow the scope of the litigation, Plaintiff's Motion should be denied.

**I. Plaintiff's Motion Is Premised on Issues That Are Not Before the Court.**

Plaintiff's Motion rests on the mistaken premise that Defendants have placed employer identity or "joint employer" status at issue. *See generally* Pl.'s Mot. for Initial Pretrial Conference. They have not.

Defendants' Motion to Partially Dismiss challenges only the legal sufficiency of Counts III through VI of the First Amended Complaint. *See* ECF Nos. 31 and 32. It does not seek dismissal of any Defendant from this action. Nor does it ask the Court to determine whether Plaintiff was also employed by Avis Budget Group, Inc. or Avis Budget Car Rental, LLC. Rather, the Defendants' Motion to Partially Dismiss presents narrow Rule 12(b)(6) issues concerning Plaintiff's claims for fraud, unjust enrichment and quantum meruit, defamation, and violations of the Virginia Wage Payment Act.

Plaintiff nevertheless seeks an order requiring Defendants to define their position regarding employer identity, allocate employment responsibilities among the corporate Defendants, identify custodians, systems, and Rule 30(b)(6) topics, and engage in discovery concerning purported joint-

employer issues. *See* Pl.'s Mot. for Initial Pretrial Conference at 3-6. No motion presently requires the Court to resolve any of those questions. Moreover, the statements identified by Plaintiff appear only in footnotes and were not raised as grounds for dismissal of any claim or any Defendant. *See* Defs.' Mem. at 3 n.3, 17 n.4.

Rule 16 is a case-management tool, not a vehicle to compel a party to litigate issues it has not presented. *See* Fed. R. Civ. P. 16(a). Yet Plaintiff effectively asks the Court to adjudicate hypothetical discovery disputes and merits issues. The Court should decline that invitation.

**II. Judicial Economy Favors Resolving Defendants' Pending Motion to Partially Dismiss (ECF Nos. 31, 32) Before Conducting Rule 16 Proceedings.**

Even if Plaintiff had identified a genuine case-management issue (which he has not), his request remains premature because Defendants' Motion to Partially Dismiss is still pending. Federal courts possess broad discretion to control their dockets and sequence litigation in a manner that promotes judicial economy. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Fourth Circuit likewise recognizes a district court's broad authority to manage discovery and pretrial proceedings. *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986); *Robb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985). To be sure, this Court has deferred discovery-related proceedings where a pending dispositive motion may substantially narrow the litigation. *See Colonial River Wealth Advisors, LLC v. Cambridge Investment Research, Inc.*, 2023 WL 4936708, at *1 (E.D. Va. June 5, 2023) ("A district court may stay discovery during the pendency of a motion to dismiss for good cause shown.").

Here, Defendants seek dismissal of four of Plaintiff's six causes of action. *See* ECF Nos. 31, 32. If granted, the Defendants' Motion to Partially Dismiss would eliminate the majority of Plaintiff's claims and materially narrow the issues appropriate for discovery.

Plaintiff's argument that two claims will remain regardless of the Court's ruling misses the

point. The relevant question is not whether some claims survive, but whether the Court's ruling may substantially streamline the case. Ironically, Plaintiff's Motion invites the precise inefficiencies it claims to prevent. *See* Pl.'s Mot. for Initial Pretrial Conference at 3 ("I should not have to spend limited time and money serving overlapping discovery . . . ."). Deferring Rule 16 proceedings until the pleadings are settled therefore best serves the interests of judicial economy and avoids the duplicative and costly efforts Plaintiff ostensibly seeks to prevent.

Accordingly, Plaintiff's Motion for Initial Pretrial Conference and Case Management Under Federal Rule of Civil Procedure 16 should be denied.

## III. CONCLUSION

For the foregoing reasons, Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc. respectfully request that the Court deny Plaintiff's Motion for Initial Pretrial Conference and Case Management Under Federal Rule of Civil Procedure 16, and award Defendants such other relief as the Court deems just and proper.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Katherine A. Goetzl*

Katherine A. Goetzl (VSB No. 41475)
kgoetzl@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, Suite 400
Washington, D.C. 20006
Telephone: 703.286.3145
Facsimile: 202.318.8949

Ashley D.N. Jones (VSB No. 94347)
adjones@littler.com
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone: 703.286.3104
Facsimile: 703.852.7169

*Attorneys for Defendants*
*Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 18th day of September 2026, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will serve a copy of the foregoing upon the following:

Michael Mwamba
9600 Marathon Ter, Apt. 102
N. Potomac, MD 20878
301-408-8410
michaelmwamba@me.com

*Plaintiff pro se*

*/s/ Katherine A. Goetzl*
Katherine A. Goetzl