FILED
9/23/2036
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA Alexandria Division

**MICHAEL MWAMBA,**
Plaintiff,

v.

**AVIS BUDGET GROUP, INC.,**
**AVIS BUDGET CAR RENTAL, LLC,**
and
**AB CAR RENTAL SERVICES, INC.,**
Defendants.

Case No: **1:26-cv-00599-PTG-WBP**

## REPLY IN SUPPORT OF MOTION FOR INITIAL PRETRIAL CONFERENCE AND CASE MANAGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 16

## INTRODUCTION

On September 4, 2026, I filed my Motion for Initial Pretrial Conference and Case Management under Rule 16. ECF No. 43. I asked the Court to begin ordinary case management, including a scheduling conference and coordinated discovery planning.

Separately, while the Motion was pending, on September 10, 2026, I sent an email to Ms. Ashley Jones (Avis's attorneys of record) an unconditional request to return to work. On September 17, 2026, Ms. Jones responded, with Ms. Goetzl copied, saying, "We have conveyed your interest in reinstatement to Avis," and stated that Avis "will not consider reinstatement," citing "circumstances surrounding" my termination. **Exhibit A.**

One day after that response, on September 18, 2026, Avis filed an opposition to my Rule 16 Motion. ECF No. 45. That opposition says my Motion rests on a "mistaken assumption" and a "mistaken premise." ECF No. 45 at 1, 2. My concerns are

"hypothetical." Id. at 3. My argument is "ironic," I only "ostensibly" seek to avoid inefficiency, and I "effectively" ask the Court to decide merits issues. Id. at 3–4. At the same time, Avis continues to make employment decisions about me based on the termination circumstances that Count I puts at issue, while also asking the Court to postpone the discovery that will examine those circumstances.

ECF No. 45 also concedes the point that resolves the timing issue: "Counts I and II remain pending against all three Defendants regardless of the Court's ruling on the Motion to Partially Dismiss." ECF No. 45 at 2. Whatever happens to Counts III through VI, all three entities remain in this case on Counts I and II. Discovery involving all three entities will therefore be necessary regardless of the ruling on the partial motion to dismiss. Beginning ordinary case management now is not premature.

As in my Motion, I refer to Avis Budget Group, Inc. ("ABG, Inc."), Avis Budget Car Rental, LLC ("ABC, LLC"), and AB Car Rental Services, Inc. ("ABCR") together as **"Avis"** or **"the other side."** When the identity of a particular entity matters, I identify that entity

## I. AVIS CITES TWO OF SEVEN STATEMENTS AND DEFENDS NONE OF THEM

The other side has told this Court seven times, in four signed filings, that I was never employed by ABG, Inc. or ABC, LLC:

| **Filing** | **Location** | **Repetitions** |
|---|---|---|
| **ECF No. 22** | **Page 3, Footnote 3; Page 7, Footnote 4** | **2** |
| **ECF No. 31** | **Page 2, Footnote 1** | **1** |
| **ECF No. 32** | **Page 3, Footnote 3; Page 17, Footnote 4** | **2** |
| **ECF No. 36** | **Page 3, Footnote 2; Page 14, Footnote 5** | **2** |
| **Total** | | **7** |

One states directly that I "was never employed by Defendant Avis Budget Group, Inc. or Defendant Avis Budget Car Rental, LLC." ECF No. 36 at 3 n.2.

ECF No. 45 cites only the two statements in ECF No. 32 and says they "appear only in footnotes and were not raised as grounds for dismissal of any claim or any Defendant." ECF No. 45 at 3. ECF No. 22 was mooted by the First Amended Complaint, but the other side repeated the same statement in ECF Nos. 31, 32, and 36. The other side does not withdraw any of the seven and supplies no declaration, document, or witness supporting them.

That is a remarkable thing to say about a statement the other side chose to put before this Court seven times, in ECF Nos. 22, 31, 32, and 36. **All four filings were signed by the same counsel, Ms. Katherine Goetzl. She now tells the Court those words were not grounds for anything and were only in footnotes.** A statement says what it says no matter where it sits on the page. Taken to its conclusion, the other side's position is absurd: the statements were important enough to repeat seven times across four signed filings, but supposedly unimportant enough that the other side need not explain or defend them. If they do not matter, there was no reason to repeat them seven times. If they do matter, the other side should define its position before discovery is built around them.

The contradiction is in the other side's own brief. Having said "never employed" seven times, the other side now writes that its motion does not ask whether I was "also employed by" ABG, Inc. or ABC, LLC. ECF No. 45 at 2. "Also" is not the same word as "never." Somewhere between ECF No. 22 and ECF No. 45, "never employed" became a question the other side says is not before the Court. The other side does not explain how both positions fit together.

I am the one who has to plan discovery around this. I have to decide which entity holds the payroll records, which entity's custodians to name, and which entity to notice under Rule 30(b)(6). The other side calls me "mistaken" for asking the question, then declines to answer it. ECF No. 45 at 1. I am not mistaken. I am reading what the other side filed. The other side should state, on the record and in the body

of a brief, whether it contends that ABG, Inc. and ABC, LLC were my employers. If it will not say, the Court should treat the footnotes as what they now appear to be: repeated factual assertions the other side is unwilling to defend.

## II. THE CONFUSION AMONG THESE ENTITIES IS NOT HYPOTHETICAL. IT HAS ALREADY PRODUCED A RULING.

Avis calls the problems identified in my Motion "hypothetical." ECF No. 45 at 3. The Court has already had to resolve one of them.

On May 12, 2026, before I consented to an extension, I asked counsel in writing to confirm that Littler Mendelson represented all three Avis entities. Counsel answered that evening: "We will be representing all Defendants in this matter." **Exhibit B**.

The next day, counsel filed ECF No. 9. Its caption identified ABG, Inc., ABC, LLC, and ABCR. The body, however, defined only ABG, Inc. and ABC, LLC as "Avis" or "Defendants," requested an extension only for those two entities, and identified counsel only for those two in the signature block. ECF No. 9 at 1–3. Six days later, ECF No. 15 again placed all three entities in the caption while defining only ABG, Inc. and ABC, LLC as "Avis" or "Defendants" and signing only for those two. ECF No. 15 at 1, 6.

ABCR's May 18 response deadline passed without a response. ECF No. 28 at 1. When ABCR later opposed my request for entry of default, its sworn declaration stated that the declarant worked in the legal department serving all three entities, that Corporation Service Company notified Avis about service on ABCR, that counsel was told ABG, Inc. and ABC, LLC had been served, and that ABCR's service papers were mistaken for another copy of ABC, LLC's papers. ECF No. 20-1 ¶¶ 3, 5–7, 10–13.

ECF No. 20 summarized the explanation by stating that Avis "mistakenly believed" the ABCR service notice was another copy for ABC, LLC. ECF No. 20 at 3.

The Court resolved the dispute on June 15, 2026. It found that ABCR's counsel "did not realize" ABCR's answer was due and found no prejudice in part because "[d]iscovery has not yet commenced." ECF No. 28 at 3, 5.

I do not ask the Court to revisit that ruling. I ask the Court to recognize what the ruling and Avis's own account show. The alleged confusion among ABG, Inc., ABC, LLC, and ABCR already produced a missed federal deadline, motion practice, and an order of this Court. The Court attributed the miss to counsel. ECF No. 28 at 3. According to ABCR's sworn declaration, the service notice first reached a legal department serving all three entities. **Avis now calls the same entity confusion "hypothetical" and asks the Court to defer case management while that confusion remains unresolved.**

## III. AVIS'S COUNSEL USES "AVIS" WITHOUT IDENTIFYING WHICH ENTITY ACTED

Counsel's own filings show why the word "Avis" creates a case-management problem. ECF No. 9 lists all three entities in the caption but defines only ABG, Inc. and ABC, LLC together as "Avis" or "Defendants." ECF No. 9 at 1. ECF No. 15 follows the same pattern. When I asked counsel whether Littler represented all three Avis entities, counsel answered: "We will be representing all Defendants in this matter." **Exhibit B.**

On September 10, 2026, I sent counsel a written, unconditional request to return to work. Exhibit A. I named a return date of September 20, 2026, asked for a response by September 17, asked that Marlon Spencer in HR be copied so I could work with him on the mechanics of my return, and stated that my request was not a settlement proposal. I also asked that, if Avis refused, counsel state the reason and identify the person who made or authorized the decision.

On September 17, 2026, counsel responded: "given the circumstances surrounding your termination, Avis has advised that it will not consider reinstatement." Exhibit

The Court resolved the dispute on June 15, 2026. It found that ABCR's counsel "did not realize" ABCR's answer was due and found no prejudice in part because "[d]iscovery has not yet commenced." ECF No. 28 at 3, 5.

I do not ask the Court to revisit that ruling. I ask the Court to recognize what the ruling and Avis's own account show. The alleged confusion among ABG, Inc., ABC, LLC, and ABCR already produced a missed federal deadline, motion practice, and an order of this Court. The Court attributed the miss to counsel. ECF No. 28 at 3. According to ABCR's sworn declaration, the service notice first reached a legal department serving all three entities. **Avis now calls the same entity confusion "hypothetical" and asks the Court to defer case management while that confusion remains unresolved.**

## III. AVIS'S COUNSEL USES "AVIS" WITHOUT IDENTIFYING WHICH ENTITY ACTED

Counsel's own filings show why the word "Avis" creates a case-management problem. ECF No. 9 lists all three entities in the caption but defines only ABG, Inc. and ABC, LLC together as "Avis" or "Defendants." ECF No. 9 at 1. ECF No. 15 follows the same pattern. When I asked counsel whether Littler represented all three Avis entities, counsel answered: "We will be representing all Defendants in this matter." Exhibit B.

On September 10, 2026, I sent counsel a written, unconditional request to return to work. Exhibit A. I named a return date of September 20, 2026, asked for a response by September 17, asked that Marlon Spencer in HR be copied so I could work with him on the mechanics of my return, and stated that my request was not a settlement proposal. I also asked that, if Avis refused, counsel state the reason and identify the person who made or authorized the decision.

On September 17, 2026, counsel responded: "given the circumstances surrounding your termination, Avis has advised that it will not consider reinstatement." Exhibit

A. Counsel did not identify the decision-maker or the Avis entity that made the decision.

That omission matters because Avis has repeatedly told this Court that ABG, Inc. and ABC, LLC never employed me. If "Avis" in the September 17 response meant ABG, Inc. or ABC, LLC, then an entity Avis says never employed me made or participated in a decision not to return me to work. If "Avis" meant ABCR, counsel did not say so. If more than one entity participated, that also matters to discovery.

I do not ask the Court to decide which entity was my employer or whether the September 17 decision was lawful. I ask for something narrower: before discovery is planned and served, Avis should identify which entity or entities made the employment decisions at issue. Discovery should not proceed against three corporate entities while one undefined word is used to conceal which one acted.

## IV. THE OTHER SIDE'S DESCRIPTIONS OF THIS RECORD DOES NOT HOLD UP

The other side asks the Court to accept their characterization of my Motion as mistaken. Several of their own descriptions of the record do not match the documents they describe. None of the following requires the Court to take my word for anything.

**Routine, then complex:** On May 19, 2026, Avis told the Court my employment claims "are routine and do not involve any novel issues, unsettled questions of law, or unusual technical or scientific evidence." ECF No. 15 at 4. Thirteen days later, Avis filed a motion to dismiss built in substantial part around the federal enclave doctrine and supported by multiple exhibits. ECF No. 22. Whatever Avis thinks of my claims, the defense Avis chose is not routine.

**The airport statutes:** On May 21, 2026, my reply placed 49 U.S.C. § 49111(b) and (c) and Va. Code § 5.1-158 on the docket by name and subsection. ECF No. 16. Avis's next two enclave briefs argued the issue without addressing those provisions. ECF

Nos. 22, 32. ECF No. 32 then argued at page 18 that no specific act of Congress authorized the exception I relied upon. Avis did not address those statutes until ECF No. 36.

**Paragraphs already pleaded:** ECF No. 36 said I "now appear[] to raise an entirely new allegation" that Count IV was permissible because the applicability and content of the governing contract were disputed. ECF No. 36 at 8 n.3. The First Amended Complaint already pleads Count IV in the alternative and addresses that limitation in paragraphs 221 through 224. ECF No. 29.

**What my sur-reply motion identified:** Avis characterized my motion as arguing that its Reply raised "new facts and made new arguments," then answered that I had not identified "any new argument, new legal theory, or new evidence." ECF No. 39 at 3. My motion identified sixteen authorities by name and assigned them to the counts they addressed. ECF No. 37 at 1. ECF No. 39 separately acknowledged that the Reply cited "additional legal authorities."

**The date:** ECF No. 39 defended the date quoted in the Reply by pointing to the source Avis cited. ECF No. 39 at 5 n.3. That source says March 19, 2024, as does FAC ¶ 67. ECF No. 36 at 4 says March 29, 2024. The date was not corrected in ECF No. 39.

These are docket comparisons, not merits determinations. They matter because Avis now asks the Court to defer case management based on Avis's own descriptions of what the record shows and which issues are presently worth addressing. **The record gives the Court reason to manage those issues directly rather than leave their definition to the same party whose descriptions repeatedly do not match the documents.**

## V. COUNTS I AND II REMAIN AGAINST ALL THREE AVIS ENTITIES

The other side concedes that "Counts I and II remain pending against all three Defendants regardless of the Court's ruling on the Motion to Partially Dismiss." ECF No. 45 at 2. Whatever happens to Counts III through VI, all three entities remain in this case on Counts I and II. **Discovery involving those entities is coming either way.**

The pending motion therefore cannot eliminate the need to determine which entity paid me, supervised me, disciplined me, terminated me, and made or authorized the decision refusing my return to work. The only question is whether that discovery begins through ordinary case management now, or later after more delay and duplication.

The other side argues that dismissal of four counts would "materially narrow the issues appropriate for discovery" and "substantially streamline the case." ECF No. 45 at 3–4. That may narrow some claim-specific discovery. ECF No. 45 does not identify what body of discovery would actually disappear.

Counts I and II are FLSA retaliation and unpaid-overtime claims. ECF No. 29. The compensation records, commission formulas, payroll records, managers, information systems, suspension records, termination records, and communications bearing on those claims remain discoverable regardless of what happens to Counts III through VI. The fraud, alternative quasi-contract, and Virginia wage theories substantially overlap with that same compensation machinery. Count V may add publication-specific evidence, but I already possess the customer communication reflecting one challenged publication and can produce it myself.

A September 16, 2025 Avis Budget Group sales leaderboard in my possession illustrates the point. Exhibit C. The document bears Avis Budget Group branding identifies my Associate ID 028621, and tracks my sales, revenue, rentals, customer-

service results, and compensation-related performance metrics two days before my suspension. The document does not tell me which of the three Avis entities was responsible for each underlying system, formula, record, communication, or employment decision. Those metrics also include performance figures that I allege were distorted immediately before my suspension, making the underlying formulas, source data, and entity responsible for maintaining them independently relevant to Counts I and II. **Discovery is how that allocation gets determined.**

The partial motion does not seek dismissal of ABG, Inc., ABC, LLC, or ABCR. A ruling on Counts III through VI therefore cannot tell me which entity possesses the relevant records, which entity has the relevant custodians and witnesses, which entity is responsible for the relevant systems, or which entity should receive particular discovery requests.

The other side also quotes my concern that I should not have to spend limited time and money serving overlapping discovery and calls my position "ironic." ECF No. 45 at 4. There is nothing ironic about asking the Court to prevent duplication before it occurs. The duplication comes from having three Avis entities remain in the case while their respective roles are undefined. Rule 16 allows those issues to be organized before discovery is served, not after three sets of overlapping requests produce the dispute I am trying to avoid.

**The partial motion may narrow the number of claims. It cannot narrow away Counts I and II, any of the three Avis entities, or the need to determine which entity did what.**

## VI. AVIS SAID THE HARD PART WOULD COME LATER. LATER IS HERE.

In May, I told the Court that discovery in this case would be document-intensive and would likely require depositions of Avis agents. ECF No. 8 at 4–5. Avis did not dispute that. Instead, Avis argued that those difficulties belonged to a later stage

because the "pleadings stage does not implicate those complex steps." ECF No. 15 at 5.

That later stage has arrived. Counts I and II remain pending against ABG, Inc., ABC, LLC, and ABCR. Avis concedes that those claims remain pending regardless of the ruling on the partial motion to dismiss. Its present argument is therefore not that discovery is unnecessary, but that discovery should be delayed until Avis knows whether some claims can be removed first.

That position does not square with the one Avis used in May. Then, Avis relied on the early posture of the case to argue that the difficulties of discovery did not justify appointment of counsel. Now that those difficulties are no longer hypothetical, Avis relies on timing again to argue that discovery should still not begin.

The calendar cannot do both jobs. Avis cannot rely on "later" when discovery is distant and then rely on "not yet" when discovery arrives. The stage Avis said would implicate the complex steps is here. Rule 16 exists to manage those steps before duplication and confusion become discovery disputes.

## VII. AVIS INVOKES LANDIS, BUT DELAY IS NOT NEUTRAL

Avis relies on Landis v. North American Co., 299 U.S. 248 (1936), for the Court's authority to control the sequence of litigation. Landis also requires the Court to "weigh competing interests and maintain an even balance." Id. at 254–55. It further states that a party seeking a stay must make out "a clear case of hardship or inequity in being required to go forward" if there is even a fair possibility the stay will harm another party. Id. at 255.

Avis has not moved for a stay. Instead, Avis asks the Court to deny case management until the partial motion to dismiss is decided. The practical result is the same: discovery does not begin. Avis's own cited authority states that a court "may stay discovery during the pendency of a motion to dismiss for good cause shown." ECF No. 45 at 3. Avis identifies no concrete hardship from beginning ordinary case

management on Counts I and II, which Avis concedes will remain pending against ABG, Inc., ABC, LLC, and ABCR regardless of the ruling on the partial motion. The asserted benefit is only that dismissal of other counts might narrow later discovery. As explained above, Avis does not identify what discovery would actually disappear.

In May, Avis reduced my housing displacement to circumstances that were merely "unfortunate." ECF No. 15 at 5. The hardship has deepened. I am now dependent on my 76-year-old mother for housing and basic needs. She is also carrying costs generated by this litigation, including expenses I cannot presently afford.

On September 17, 2026, one day before filing ECF No. 45, Avis refused my unconditional request to return to work "given the circumstances surrounding" my termination. Exhibit A. Avis therefore relies on the same termination circumstances I challenge in Count I to keep me from returning to work, while asking the Court to postpone discovery into the retaliation claim that puts those circumstances at issue.

The September 17 refusal did more than preserve the status quo. Avis made an employment decision during the pendency of this retaliation case and expressly tied that decision back to "the circumstances surrounding" my termination. I do not ask the Court to decide in this Motion whether that new decision is itself retaliatory. I ask the Court to recognize that the factual sequence continues to develop while Avis seeks to keep discovery closed. That sequence may bear directly on motive, pretext, and the scope of Count I discovery.

Delay therefore does not preserve a neutral status quo. Avis continues to make employment decisions affecting me while I remain without the employment and income I had before the challenged suspension and termination. Landis requires an even balance. ECF No. 45 weighs only what delay might save Avis. It does not account for what continued delay costs me.

## VIII. THE RELIEF REQUESTED IS CASE MANAGEMENT

I am not asking the Court to decide joint employment, resolve a discovery dispute, determine which Avis entity bears liability, or decide whether the September 17 refusal created a new retaliation claim. I am asking the Court to begin ordinary case management and require Avis to state plainly what its seven "never employed" statements mean.

The alleged confusion among ABG, Inc., ABC, LLC, and ABCR has already produced a missed deadline, motion practice, and a ruling of this Court. The same three entities remain in the case regardless of the partial motion to dismiss. Case management now can prevent that confusion from becoming the structure of discovery.

## CONCLUSION

For these reasons, and for the reasons stated in my Motion, I respectfully request that the Court grant the Motion and:

1. Set an initial pretrial, scheduling, and case-management conference under Rule 16 and Local Civil Rule 16(B);
2. Direct Avis and me to submit written discovery plans addressing proposed deadlines, electronically stored information and preservation, privilege procedures, foundational facts that can be admitted or stipulated, and disagreements requiring the Court's attention;
3. Direct Avis to state precisely what it means by its repeated assertions that I was "never employed" by ABG, Inc. or ABC, LLC and identify the factual and legal basis for those assertions;
4. Enter a scheduling order permitting discovery to proceed without unnecessary duplication or delay and, if Avis denies joint-employer status, designate employer identity and the allocation of employment functions as early discovery subjects, including the relevant entities, custodians, information systems, and Rule 30(b)(6) subjects, without staying other discovery; and

5. Refer the case for a judicial settlement conference or other appropriate ADR process, without delaying scheduling or discovery, and grant any other case-management relief the Court finds appropriate.

Respectfully submitted,

**Michael Mwamba**
***Plaintiff, pro se***

9600 Marathon Ter, Apt 102
N. Potomac, MD 20878
301-408-8410
michaelmwamba@me.com

**September 22, 2026.**

## CERTIFICATE OF SERVICE

I certify that on September 22, 2026, I filed this ~~motion~~ REPLY through the Court's Electronic Document Submission System (EDSS) and served a copy on counsel for Avis, Katherine A. Goetzl and Ashley D.N. Jones of Littler Mendelson, by electronic mail at kgoetzl@littler.com and adjones@littler.com.

**Michael Mwamba**
***Plaintiff, pro se***

# LOCAL RULE 83.1(N) CERTIFICATION

**I declare under penalty of perjury that no attorney has prepared or assisted in the preparation of :**

**REPLY IN SUPPORT OF MOTION FOR INITIAL PRETRIAL CONFERENCE AND CASE MANAGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 16**

*(Title of Document)*

MICHAEL MWAMBA

*Name of Pro Se Party*

[signature]

Signature of Pro Se Party

Executed on: SEPTEMBER 23, 2026