FILED
11/2/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

**MICHAEL MWAMBA,**
***Plaintiff,***

**v.**

**AVIS BUDGET GROUP, INC.,**
**AVIS BUDGET CAR RENTAL, LLC,**
**And**
**AB CAR RENTAL SERVICES, INC.,**
***Defendants.***

**Case Number: 1:26-cv-00599-PTG-WBP**

## MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(d) AND MEMORANDUM IN SUPPORT

I, Michael Mwamba, respectfully move for leave under Federal Rule of Civil Procedure 15(d) to file a supplemental complaint addressing an employment decision made after I filed my First Amended Complaint on June 22, 2026 (ECF No. 29). In this motion, Avis Budget Group, Inc. (ABG, Inc.), Avis Budget Car Rental, LLC (ABC, LLC), and AB Car Rental Services, Inc. (ABCR) are together called "Avis." I name a particular entity when its identity matters.

On September 17, 2026, while this litigation was pending, Avis's counsel informed me in writing that Avis would not consider reinstating me because of the circumstances surrounding my termination.

The decision arose directly from the employment relationship, termination, and retaliation allegations already before the Court. I seek leave to add the subsequent event to the existing factual record and to Count I, my claim for retaliation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3).

My proposed Supplemental Complaint is attached as Exhibit A. It supplements Count I and adds a separate Count VII under 42 U.S.C. § 1981 for racial discrimination in contracting and reemployment.

## I. THE SUBSEQUENT EMPLOYMENT DECISION

1. On June 22, 2026, I filed my First Amended Complaint (ECF No. 29), alleging FLSA retaliation, unpaid overtime, and related claims arising from my employment with Avis.

2. Count I alleges that Avis retaliated against me after I complained about unpaid compensation and exercised rights protected by the FLSA. The alleged retaliation included my September 18, 2025 suspension without pay and my November 12, 2025 termination.

3. On September 10, 2026, while my federal case was pending, I sent Avis's counsel, Ashley D.N. Jones, a written, unconditional request to return to work.

4. I offered to return on September 20, 2026, to my former position under the same employment terms and conditions that existed before my suspension.

5. I expressly stated that my request was not a settlement proposal. I also asked counsel to identify the person who made or authorized any decision refusing my return.

6. On September 17, 2026, Ms. Jones responded in writing, with Katherine A. Goetzl copied:

> "We have conveyed your interest in reinstatement to Avis. However, given the circumstances surrounding your termination, Avis has advised that it will not consider reinstatement."

7. Counsel did not identify which of ABG, Inc., ABC, LLC, or ABCR made or authorized the decision, who made it, or what specific circumstances justified refusing even to consider my return.

8. The September 17 response is a new employment decision made during this litigation. Avis expressly connected its refusal to the circumstances surrounding the termination challenged in Count I.

9. I contend that the refusal is part of the continuing retaliatory course of conduct alleged in my First Amended Complaint. Whether Avis had a lawful reason for the decision is a question to be resolved on the merits.

## II. RULE 15(d) PERMITS SUPPLEMENTATION

10. Rule 15(d) permits the Court, on motion and reasonable notice, to allow a supplemental pleading describing events occurring after the date of the pleading being supplemented.

11. In Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002), the Fourth Circuit explained that motions to amend and supplement are evaluated under nearly identical standards and that leave should be freely granted unless a good reason exists for denial, such as prejudice.

12. My proposed supplementation concerns an event occurring September 17, 2026, almost three months after the First Amended Complaint was filed.

13. I could not have pleaded the September 17 decision in June because Avis had not yet made or communicated it.

14. The proposed supplement concerns the same employment relationship, the same termination, and the same retaliation claim already before the Court. It introduces no new party and does not require replacing the existing complaint. The proposed Count VII alleges a separate discriminatory refusal to consider reinstatement under 42 U.S.C. § 1981.

15. The supplemental allegations also bear directly on the scope of discovery concerning which Avis entity or entities were responsible for decisions affecting my employment.

16. The FLSA's anti-retaliation provision protects former employees. The Fourth Circuit has recognized that former employees "sometimes must return to past employers for a variety of reasons," and need protection from retaliation when they do. Darveau v. Detecon, Inc., 515 F.3d 334, 343 (4th Cir. 2008).

## III. SUPPLEMENTATION WILL NOT UNFAIRLY PREJUDICE AVIS

17. Avis already possesses the September 10 request and the September 17 response. Avis's own counsel transmitted the refusal.

18. The underlying facts do not require Avis to investigate an unrelated transaction or unfamiliar parties. The decision concerns whether I could return to the same employment from which I allege I was unlawfully removed.

19. Avis has already acknowledged that "Counts I and II remain pending against all three Defendants regardless of the Court's ruling on the Motion to Partially Dismiss." ECF No. 45 at 2.

20. The proposed supplement does not affect the pending arguments concerning Counts III through VI. Count VII is separately pleaded and is not part of the pending partial motion to dismiss. Counts I and II remain before the Court regardless of the partial dismissal ruling.

21. I am not seeking an immediate ruling that the September 17 decision was unlawful. I am asking for permission to plead the event and allow the parties to address its significance through the ordinary litigation process.

22. Granting leave will permit the related allegations to be addressed in this action rather than requiring separate litigation concerning the same employment relationship and alleged retaliatory conduct.

## IV. THE REQUEST IS TIMELY AND MADE IN GOOD FAITH

23. The September 17 refusal occurred while this case was pending, before the Court entered a scheduling order or established a discovery schedule. See ECF No. 47.

24. I previously disclosed the event to the Court in my September 23, 2026 reply concerning Rule 16 case management (ECF No. 46). I did not ask the Court in that filing to decide whether the refusal constituted retaliation.

25. I now seek the proper pleading vehicle under Rule 15(d) so that the subsequent event may be considered as part of Count I.

26. My request is not intended to delay the litigation. The proposed supplement addresses the September 17 decision, its relationship to the existing retaliation claim, and the separately alleged racial discrimination claim under § 1981.

## V. REQUESTED RELIEF

For these reasons, I respectfully request that the Court:

1. Grant me leave under Federal Rule of Civil Procedure 15(d) to file the Supplemental Complaint attached as Exhibit A;

2. Permit the supplemental allegations concerning the September 17, 2026 refusal to be considered with Count I of my First Amended Complaint (ECF No. 29);

3. Permit me to add Count VII, Race Discrimination in Contracting and Reemployment under 42 U.S.C. § 1981, against ABG, Inc., ABC, LLC, and ABCR, as part of the supplemental pleading;

4. Direct that the First Amended Complaint (ECF No. 29) remain operative except as supplemented, without superseding the existing counts or automatically mooting the pending partial motion to dismiss; and

5. Grant any other relief the Court finds appropriate.

Respectfully submitted,

**Michael Mwamba**
*Plaintiff, pro se*
9600 Marathon Ter, Apt 102
N. Potomac, MD 20878
301-408-8410
michaelmwamba@me.com

**November 2, 2026.**

# CERTIFICATION
## (Local Civil Rule 83.1(N))

I declare under penalty of perjury that No attorney has prepared, or assisted in the preparation of:

**MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(d) WITH MEMORANDUM IN SUPPORT PROPOSED SUPPLEMENTAL COMPLAINT AND PROPOSED SUPPLEMENTAL COMPLAINT.**

**MICHAEL MWAMBA**
Name of Pro Se Party

Signature of Pro Se Party

**Executed on: November 2, 2026**