# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## *Alexandria Division*

| | |
|---|---|
| **MICHAEL MWAMBA,**<br>***Plaintiff,***<br><br>**v.**<br><br>**AVIS BUDGET GROUP, INC.,**<br>**AVIS BUDGET CAR RENTAL, LLC,**<br>**And**<br>**AB CAR RENTAL SERVICES, INC.,**<br>***Defendants.*** | **Case Number: 1:26-cv-00599-PTG-WBP** |

## PROPOSED SUPPLEMENTAL COMPLAINT UNDER RULE 15(d)

I, Michael Mwamba, submit the following supplemental allegations to my First Amended Complaint (ECF No. 29). They concern events occurring after June 22, 2026, and supplement Count I, my existing FLSA retaliation claim. Their numbering continues from the First Amended Complaint. As in that pleading, ABG, Inc., ABC, LLC, and ABCR are together called "Avis."

### I. Subsequent Events

251. On September 10, 2026, while this lawsuit was pending, I sent Avis's counsel an unconditional request to return to work at Avis's Washington Dulles operation.

252. I stated that I was ready, willing, and able to resume my former position on September 20, 2026, under the same terms and conditions that existed before my September 18, 2025 suspension.

253. I expressly stated that my request was not a settlement proposal and that I was seeking to return to work as part of my continuing effort to mitigate my damages.

254. I asked counsel to identify the person responsible for any decision refusing my return and to explain the reason for that decision.

255. On September 17, 2026, Ashley D.N. Jones responded on behalf of Avis, with Katherine A. Goetzl copied.

256. Ms. Jones stated:

> "We have conveyed your interest in reinstatement to Avis. However, given the circumstances surrounding your termination, Avis has advised that it will not consider reinstatement."

257. The response did not identify which of ABG, Inc., ABC, LLC, or ABCR made or authorized the refusal. It did not identify the decision-maker or specify the circumstances relied upon.

258. The refusal occurred while my FLSA retaliation claim was actively pending against ABG, Inc., ABC, LLC, and ABCR.

259. Avis expressly connected its decision not to consider reinstatement to the circumstances surrounding my November 12, 2025 termination, the same termination challenged in Count I.

260. The refusal prevented my requested return to my former position and the resumption of my employment income.

## II. Supplemental Allegations Supporting Count I

261. I incorporate paragraphs 251 through 260 of this Supplemental Complaint into Count I of my First Amended Complaint.

262. I engaged in activity protected by the FLSA by complaining about unpaid wages and overtime compensation and by filing this federal lawsuit.

263. Avis knew of my protected activity when it made the September 17 decision. Its counsel represents ABG, Inc., ABC, LLC, and ABCR in this litigation and communicated the refusal to me.

264. I allege that Avis's refusal to consider my unconditional reinstatement request was materially adverse conduct connected to the existing retaliation dispute.

265. The refusal expressly referred to the circumstances surrounding my termination. I contend that the decision continued the retaliation already alleged in Count I.

266. Avis's refusal has prolonged my separation from employment and the loss of wages and benefits resulting from the challenged suspension and termination.

267. Which Avis entity or entities authorized the refusal, the persons involved, and their reasons for the decision are matters within Avis's knowledge and control.

## III. Supplemental Request for Relief

I request that the Court consider these supplemental allegations in adjudicating Count I and in determining the relief available under 29 U.S.C. § 216(b), including lost wages, liquidated damages, equitable relief, and any other relief authorized by law.

I preserve all allegations, counts, requests for relief, and jury demands in my First Amended Complaint except as expressly supplemented here.

## IV. Separate Supplemental Count VII

The following separately pleaded claim concerns the September 17, 2026 refusal to consider reinstatement. The allegations below are numbered within Count VII and do not replace the allegations of the First Amended Complaint.

# PROPOSED COUNT VII

## Race Discrimination in Contracting and Reemployment
## 42 U.S.C. § 1981
## (Against ABG, Inc., ABC, LLC, and ABCR)

1. I am Black. I bring this claim under 42 U.S.C. § 1981 because Avis refused to consider restoring my employment while treating non-Black employees more favorably in disciplinary, reinstatement, and continued-employment decisions.

2. I began working for Avis at Washington Dulles International Airport on June 20, 2022. In July 2023, I became the first Rental Sales Agent assigned to the standalone Preferred Services building. I worked there until Avis suspended me without pay on September 18, 2025. Avis terminated my employment on November 12, 2025.

3. My employment was governed in part by the collective bargaining agreement with Teamsters Local 922 and by Avis's compensation arrangements. The agreement addressed employment terms, discipline, seniority, and grievance procedures. My request to return sought restoration of my employment under those existing terms.

4. On September 10, 2026, I sent Avis's attorney, Ashley Jones, an unconditional request to return to my former Preferred Services position. I stated that I was ready, willing, and able to resume work on September 20, 2026, under the same terms that applied immediately before my suspension.

5. My September 10 request was not a settlement offer or an offer to compromise my pending federal lawsuit. I was seeking employment, not negotiating the resolution of my claims. I asked Avis to confirm my return by September 17, 2026, or, if it refused, to identify the reason and the decisionmaker. I also asked that Human Resources representative Marlon Spencer be copied on Avis's response.

6. In my September 10 email, I specifically identified Mirriam Khan, a non-Black Dulles employee whom Avis had reinstated after a suspension lasting nearly a year. I raised Khan's reinstatement as an example of Avis exercising discretion to return an employee to work after serious disciplinary circumstances.

7. On September 17, 2026, Jones responded on Avis's behalf: "We have conveyed your interest in reinstatement to Avis. However, given the circumstances surrounding your termination, Avis has advised that it will not consider reinstatement."

8. Avis did not identify the person who made or authorized the refusal. It did not identify a reinstatement policy, a specific disqualifying act, or any individualized assessment of my qualifications. Spencer was not copied. Avis categorically refused even to consider my return.

9. I dispute the allegations Avis relied upon when terminating my employment. On October 15, 2025, District Manager John Wojcik denied my grievance by invoking "dishonesty & theft" concerning rental transactions. I challenged those allegations with Avis's own transaction records, including an audit trail showing my employee identification being used at Avis's Fort Lee, New Jersey location, where I never worked. The customer involved also supports my account.

10. On January 26, 2026, the Virginia Employment Commission determined that the evidence presented did not establish misconduct connected with work sufficient to disqualify me from unemployment benefits. That determination came nearly eight months before the September 17 refusal. Avis did not say whether it considered the determination when rejecting my request.

11. Avis treated Kathy Delridge, a white employee at Dulles, more favorably. I personally witnessed Delridge using Avis gasoline to fuel a personal rental car on at least two occasions. I reported those incidents to management and documented them in my September 30, 2025 grievance. Contemporaneous communications show that a Dulles Operations Manager knew of the conduct and intended to raise it with Wojcik. Delridge was neither suspended nor terminated for taking company gasoline.

12. The contrast matters. Wojcik invoked dishonesty and theft against me, while Delridge kept her job despite my documented reports of her conduct. Avis did not apply the same consequences to both of us.

13. Avis also treated Khan more favorably. Khan returned to work following a nearly year-long suspension that I understand involved a physical confrontation

with a customer. Her reinstatement shows that serious disciplinary circumstances did not automatically bar an employee from returning. Avis nevertheless refused even to consider my request.

14. Esmaeil Pirasteh, a non-Black Operations Manager at Dulles, signed a consent on June 30, 2026, to join federal wage litigation against Avis Budget Car Rental, LLC, in Alzeera et al. v. Avis Budget Car Rental, LLC, No. 1:26-cv-01026-LMB-WEF (E.D. Va.), ECF No. 21-1. Pirasteh continues to work for Avis while participating in that case. I had likewise brought federal wage litigation before requesting reinstatement. Pending litigation therefore does not explain Avis's refusal, and Avis has not offered it as a reason.

15. I also rely on Avis's earlier treatment of Kamaria Smith, a Black employee at Dulles, as background evidence of how management exercised discretion involving Black employees.

16. In early 2024, management authorized Kamaria Smith to work at the rental counters. Union steward Kathy Delridge confronted Smith over that assignment. Wojcik supported Delridge despite the authorization Smith had received from a manager, Smith left Wojcik's office sobbing.

17. Smith then reported the incident to Marlon Spencer in HR. According to Smith's account, Spencer characterized her complaint as retaliation against Wojcik and Delridge, told her to let the matter go, and closed the investigation. Smith was later moved to Union Station. I rely on her account and the related communications as evidence of how management handled her complaint, not as a claim that Smith sought reinstatement under circumstances identical to mine.

18. Smith's experience is relevant because the same Dulles personnel appear in her history and mine: Wojcik as District Manager, Delridge as union steward, and Spencer as the Human Resources representative. Wojcik and Spencer exercised authority over my employment and disciplinary proceedings. Her treatment supports my allegation that Avis did not apply its personnel decisions equally to Black and non-Black employees.

19. Before my suspension, I regularly worked overtime to help staff the Preferred Services operation. Wojcik acknowledged my willingness to cover the operation as my "commitment to the booth." I remained qualified, ready, and

willing to perform the same work when I requested reinstatement in September 2026.

20. Despite my experience and willingness to return, Avis refused any consideration of my request. Avis exercised discretion to reinstate Khan, retained Delridge despite the gasoline incidents I reported, and continues to employ Pirasteh while he participates in wage litigation. I allege that Avis applied its employment discretion differently when I, a Black former employee, sought to return.

21. I allege that race was a but-for cause of Avis's September 17, 2026 refusal. But for my race, Avis would not have categorically excluded me from consideration and would have evaluated my request under the same standards and discretion it applied to non-Black employees.

22. The September 17 refusal interfered with my right to make and enforce an employment contract on the same terms as non-Black employees. Section 1981 protects the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

23. I allege that ABG, Inc., ABC, LLC, and ABCR exercised or shared authority over the employment decisions at issue. Avis's September 17 response did not identify which corporate entity made or authorized the refusal. The respective involvement of each Defendant is within the Defendants' knowledge and records.

24. The September 17, 2026 refusal is a separate employment decision that occurred after I filed my First Amended Complaint on June 22, 2026. I rely on the earlier discipline, termination, treatment of other employees, and management conduct as background evidence bearing on that later decision.

25. Avis acted with malice or reckless indifference to my federally protected rights. It refused my request during active federal litigation, through counsel, after I had identified a non-Black employee it had reinstated, and without the participation of the Human Resources representative I asked to be included.

26. As a result of Avis's discriminatory refusal, I lost the opportunity to return to work and suffered economic losses, emotional distress, and other injuries. I

seek recovery for injuries caused by this separate refusal without duplicating recovery sought under my existing claims.

## REQUEST FOR RELIEF

A. Declare that Defendants' refusal to consider my reinstatement violated 42 U.S.C. § 1981.

B. Order appropriate equitable relief, including reinstatement to my former position or comparable employment.

C. Award back pay and employment benefits attributable to the discriminatory refusal, to the extent established by the evidence.

D. Award compensatory damages for emotional distress and other proven injuries caused by the refusal.

E. Award punitive damages against any Defendant for whom the evidence establishes malice or reckless indifference to my federally protected rights.

F. Award prejudgment and postjudgment interest.

G. Award taxable costs and any other relief authorized by law.

H. Grant any further relief the Court determines just and proper, without duplicating damages awarded under other counts.

I preserve all allegations, existing counts, requests for relief, and jury demands in my First Amended Complaint except as expressly supplemented here.

Respectfully submitted

**Michael Mwamba**
***Plaintiff, pro se***
**9600 Marathon Ter, Apt 102,**
**N. Potomac, MD 20878.**

**November 2, 2026.**

# CERTIFICATE OF SERVICE

I certify that on November 2, 2026, I submitted the foregoing Motion and accompanying exhibits through the Court's Electronic Document Submission System for filing. Upon docketing, the courts CM/ECF system, which transmits a Notice of Electronic Filing (NEF), the Motion and exhibits will be served on counsel for Defendants, Katherine A. Goetzl and Ashley D.N. Jones through electronic mail at kgoetzl@littler.com and adjones@littler.com respectively.

**Michael Mwamba**
*Plaintiff, pro se*