**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MICHAEL MWAMBA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AVIS BUDGET GROUP, INC., AVIS BUDGET CAR RENTAL, LLC, and AB CAR RENTAL SERVICES, INC.,**<br><br>**Defendants.** | **Civil Action No. 1:26-cv-00599-PTG-WBP** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(d) AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Virginia, Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc., by and through undersigned counsel, respectfully submit this Memorandum of Law in Opposition to the Motion for Leave to File a Supplemental Complaint under Federal Rule of Civil Procedure 15(d) and Memorandum in Support ("Motion for Leave") filed by self-represented Plaintiff Michael Mwamba ("Plaintiff" or "Mr. Mwamba"). *See* Mot. for Leave (ECF No. 50).

Plaintiff's Motion for Leave should be denied because the proposed amendment would be futile, *i.e.*, it would not survive a motion to dismiss. Plaintiff's Proposed Supplemental Complaint ("PSC") (ECF No. 50-1) fails to clear the threshold pleading requirements under the Federal Rules of Civil Procedure and longstanding governing case law. Indeed, the PSC fails to allege any facts whatsoever, relying exclusively on conclusory statements declaring that Defendants violated the

law. Consequently, for the reasons stated in greater detail below, the Motion for Leave should be denied.

## I. RELEVANT BACKGROUND

On February 27, 2026, Plaintiff commenced this action against Defendants, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Virginia Wage Payment Act ("VWPA"), Va. Code §§ 40.1-29, *et seq.*, the Virginia Whistleblower Protection Law ("VWPL"), Va. Code § 40.1-27.3, and Virginia common law for fraud. ECF No. 1. Defendants moved to dismiss Counts II, III, III-A, III-B, IV, V, and VI of Plaintiff's Complaint. ECF Nos. 21, 22.

While Defendants' Motion to Partially Dismiss remained pending, Plaintiff filed the First Amended Complaint ("FAC") on June 22, 2026, adding claims for quantum meruit and unjust enrichment, and defamation *per se*. ECF No. 29.[1] On July 8, 2026, Defendants moved to dismiss Counts III through VI of the FAC. ECF Nos. 31, 32. Defendants' Motion remains pending.

On November 2, 2026, Plaintiff filed his Motion for Leave (ECF No. 50) as well as the Proposed Supplemental Complaint (ECF No. 50-1). Through his Motion for Leave, Plaintiff now seeks to "supplement" his FAC by adding allegations to his existing FLSA retaliation claim in Count I and add a new Count VII under 42 U.S.C. § 1981 ("Section 1981") titled "Race Discrimination in Contracting and Reemployment." ECF. No. 50. Specifically, Plaintiff alleges that Defendants refused to consider restoring his employment while treating non-Black employees more favorably in disciplinary, reinstatement, and continued employment decisions. *See generally* ECF No. 50-1.

Defendants timely oppose Plaintiff's Motion for Leave and respectfully request that

[1] Plaintiff did not attempt to bring a claim for retaliation under the Virginia Whistleblower Protection Law in the FAC. *Compare* ECF No. 1 *with* ECF. 29.

Plaintiff's Motion for Leave be denied.

## II. ARGUMENT

### A. Legal Standard

Under Rule 15 of the Federal Rules of Civil Procedure, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "[w]hile [courts] generally encourage amendment, there are, of course, circumstances that justify denying a plaintiff the opportunity to try again." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022). "[T]hree such justifications for denying leave to amend" that the Fourth Circuit identifies are "prejudice to the opposing party, bad faith, or where the amendment would be futile." *Nicholson*, 42 F.4th at 197 (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). And "[a]mendments are futile when 'the proposed amendments could not withstand a motion to dismiss.'" *Sullivan v. City of Frederick*, 738 F. App'x 198, 200 (4th Cir. 2018) (quoting *Perkins v. United States*, 55 F.3d 910, 914 (4th Cir. 1995)).

A motion to dismiss should be granted when the plaintiff fails to state a claim for relief. Fed. R. Civ. P. 12(b)(6). To that end, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face" and "nudge [the] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007). Nudging such claims across the line requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Instead, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The failure to allege an essential element of the claim warrants dismissal. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 340-41 (2020).

### B. Plaintiff's Proposed FLSA Retaliation Supplementation Is Futile to the Extent It Attempts to Characterize the September 17, 2026 Response as a New Retaliatory Act.

Plaintiff's proposed supplementation of Count I is futile because the alleged September 17, 2026 refusal to consider reinstatement is too remote from the protected activity identified in the proposed pleading to support a plausible inference of retaliation.

Although there is no bright-line rule governing temporal proximity, "[s]ave for situations in which the adverse employment decision follows the protected activity 'very close[ly],' 'mere temporal proximity' between the two events is insufficient to satisfy the causation element of the prima facie requirement." *Perry v. Kappos*, 489 F. App'x 637, 643 (4th Cir. 2012) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam)); *see also Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008) (applying Title VII retaliation principles to an FLSA retaliation claim). Thus, "[e]ven a mere ten-week separation between the protected activity and termination 'is sufficiently long so as to weaken significantly the inference of causation between the two events.'" *Perry*, 489 F. App'x at 643 (quoting *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003)).

Here, Plaintiff identifies the filing of his FAC on June 22, 2026 as protected activity (ECF No. 50-1 at ¶ 262), but the purported retaliatory refusal to consider reinstatement did not occur until September 17, 2026, nearly three months later (ECF No. 50-1 at ¶¶ 255, 256). That interval, without additional facts suggesting retaliatory causation, does not support an inference that the September 17, 2026 response resulted from Plaintiff's protected activity. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021) (holding that a three-month lapse between plaintiff's protected activity and the adverse action was insufficient to establish causation based on temporal proximity); *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (three to four month lapse between employer's knowledge of protected activity and alleged

retaliation "is too long to establish a causal connection by temporary proximity alone"); *Horne v. Reznick Fedder & Silverman*, 154 F. App'x 361, 364 (4th Cir. 2005) (absent other evidence of a causal relationship, "a lapse of two months between the protected activity and the adverse action is 'sufficiently long so as to weaken significantly the inference of causation'").

Nor does Plaintiff's September 10, 2026 request for reinstatement cure that causal connection deficiency because it was not protected activity. Plaintiff characterizes that communication as an "unconditional request to return to work" made in an effort to mitigate his damages (ECF No. 50-1 at ¶¶ 251-253), not as a new complaint regarding unpaid wages or an assertion of FLSA rights. Indeed, nothing in Plaintiff's allegations or his September 10, 2026 request references or even implies that he had FLSA-related concerns. *Id.*; *see Minor v. Bostwick Labs., Inc.*, 669 F.3d 428, 439 (4th Cir. 2012) ("'[T]he [FLSA] requires fair notice' to employers.") (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). Accordingly, Plaintiff cannot rely on his September 10, 2026 reinstatement request to manufacture temporal proximity where none otherwise exists. That request does not constitute new protected activity from which causation may be measured, and the seven-day period between the request and Defendants' response therefore does not support an inference that Defendants retaliated against Plaintiff for exercising rights protected by the FLSA.

More fundamentally, Plaintiff's own allegations supply an "obvious alternative explanation" for Defendants' refusal to consider reinstatement that is unrelated to his protected activity. "[F]ollowing *Twombly*, if there is an 'obvious alternative explanation' for each of the actions alleged that suggests lawful conduct, the complaint has not satisfied the plausibility standard." *Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 482 F. App'x 759, 764 (4th Cir. 2012) (citing *Twombly*, 550 U.S. at 567). Here, the very communication on which Plaintiff

bases his proposed retaliation claim states that Defendants would not consider reinstatement "given the circumstances surrounding [Plaintiff's] termination." ECF No. 50-1 at ¶¶ 255, 256, 265. That explanation points to the circumstances underlying Plaintiff's termination, rather than his subsequent exercise of FLSA rights, as the reason Defendants declined to reinstate his employment. Plaintiff cannot transform that facially nonretaliatory explanation into a plausible FLSA retaliation claim merely by labeling Defendants' refusal to reinstate him "continued retaliation." *Id.* at ¶ 265.

Accordingly, Plaintiff alleges neither sufficiently close temporal proximity nor other facts plausibly connecting Defendants' September 17, 2026 response to his protected FLSA activity. To the contrary, Plaintiff's own allegations identify an obvious alternative, nonretaliatory explanation for the challenged decision. Because the proposed supplementation does not plausibly allege that Defendants refused to consider reinstatement because of Plaintiff's protected activity, supplementation of Count I should be denied as futile.

**C. Plaintiff's Section 1981 Claim Is Subject to Dismissal Under Rule 12(b)(6).**

Plaintiff's proposed § 1981 claim is likewise futile because he does not plead facts plausibly showing that race was the "***but for***" cause of Defendants' refusal to consider reinstatement. *Comcast Corp.*, 589 U.S. at 341. Section 1981 requires a plaintiff to "plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Id.* "More broadly, a 'but-for test directs . . . [the Court] to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause.'" *Slaughter v. My Salon Suite, LLC*, No. 1:25-cv-02495-MSN-WBP, 2026 WL 2607816, at *6 (E.D. Va. June 29, 2026) (quoting *Nadendla v. WakeMed*, No. 5:18-CV-540-H, 2021 WL 1056521, at *2 (E.D.N.C. Feb. 23, 2021), *aff'd*, 24 F.4th 299 (4th Cir. 2022)).

In addition, to support an inference of discrimination through comparators, Plaintiff must

identify similarly situated employees outside his protected class who received more favorable treatment. *See Johnson v. Baltimore Cnty.*, 163 F.4th 808, 811 (4th Cir. 2026). Such comparators must be "similarly situated in all respects," including having "dealt with the same supervisor," being "subject to the same standards[,]" and "engag[ing] in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Bradley v. Gannett Co.*, Civil Action No. 1:23-cv-1100 (RDA/WEF), 2025 WL 2533504, at *10 (E.D. Va. Sept. 3, 2025) (quoting *Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 714 (4th Cir. 2024)).

Plaintiff's allegations fall well short. First, Plaintiff alleges only that he is Black, that Defendants refused his request for reinstatement, and that non-Black employees allegedly received more favorable treatment. *See* ECF No. 50-1 at ¶¶ 1, 11, 13, 14, 20, 21. But he pleads no facts connecting the reinstatement decision to his race. *See generally* ECF No. 50-1. Plaintiff identifies no race-based comments concerning the reinstatement decision, no statements suggesting that race factored into that decision, and no other facts from which the Court could reasonably infer that, but for Plaintiff's race, Defendants would have reinstated him. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Second, Plaintiff's proposed comparators are not similarly situated. Kathy Delridge allegedly remained employed despite Plaintiff's reports that she used company gasoline; Mariam Khan allegedly returned after a suspension involving a physical confrontation with a customer;

and Esmaeil Pirasteh allegedly remained employed while participating in separate wage litigation.[2] ECF No. 50-1 at ¶¶ 11-14. Plaintiff does not allege that any comparator was terminated under circumstances comparable to Plaintiff's, subsequently requested reinstatement, and received it, much less that the same decisionmaker evaluated such a request under the same standards. *See Bradley*, 2025 WL 2533504, at *10.

Finally, as with Plaintiff's proposed supplement to Count I, Plaintiff's own allegations supply an obvious, race-neutral explanation for the challenged decision. As Plaintiff's proposed Count VII recounts, in response to Plaintiff's "unconditional request to return to [his] former Preferred Services position," Defendants responded that "given the circumstances surrounding [Plaintiff's] termination," Defendants would not consider reinstatement. ECF No. 50-1 at ¶¶ 4, 7. That allegation expressly attributes the refusal to consider reinstatement to the circumstances surrounding Plaintiff's termination, not his race. *Int'l Ass'n of Machinists & Aerospace Workers*, 482 F. App'x at 764. Plaintiff's conclusory assertion that race nevertheless was a but-for cause of Defendants' decision does not plausibly establish otherwise. *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

Accordingly, Plaintiff's proposed Count VII fails to state a plausible claim and is futile. Plaintiff's Motion for Leave to add Count VII should therefore be denied.

## III. CONCLUSION

---

[2] Although Plaintiff offers Esmaeil Pirasteh as a comparator in support of his proposed race discrimination claim, that allegation undermines his existing FLSA retaliation claim in Count I. *Compare* ECF No. 50-1 at ¶ *with* FAC ¶¶ 176-186. Plaintiff alleges that Esmaeil Pirasteh participated in federal wage litigation against Defendants yet "continues to work for Avis while participating in that case." ECF No. 50-1 ¶ 14. Thus, Plaintiff's own proposed allegations identify an employee who engaged in protected wage-and-hour activity without suffering the retaliatory treatment Plaintiff attributes to his own protected activity, further undermining any plausible inference that Plaintiff's exercise of FLSA rights was the but-for cause of Defendants' decision.

For the foregoing reasons, Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc. respectfully request that the Court deny Plaintiff's Motion for Leave, and award Defendants such other relief as the Court deems just and proper.

Dated: November 16, 2026

Respectfully submitted,

*/s/ Paul J. Kennedy*

Paul J. Kennedy (VSB No. 29802)
pkennedy@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, D.C. 20006
Telephone: 202.414.6855
Facsimile: 202.318.8967

Ashley D.N. Jones (VSB No. 94347)
adjones@littler.com
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone: 703.286.3104
Facsimile: 703.852.7169

*Counsel for Defendants*
*Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of November 2026, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will serve a copy of the foregoing upon the following:

Michael Mwamba
9600 Marathon Ter, Apt. 102
N. Potomac, MD 20878
301-408-8410
michaelmwamba@me.com

*Plaintiff pro se*

*/s/ Paul J. Kennedy*
Paul J. Kennedy